UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA HEINRICH and GREGORY HEINRICH,<br><br>Plaintiffs<br><br>v.<br><br>ETHICON, INC.; ETHICON LLC; and JOHNSON & JOHNSON,<br><br>Defendants | Case No.: 2:20-cv-00166-APG-VCF<br><br>**Order Adopting MDL Court's Orders Regarding Experts and Directing the Parties to Meet and Confer and Prepare Proposed Schedule for the Case** |

This case is one of thousands of cases that were joined in multidistrict litigation (MDL) in the United States District Court for the Southern District of West Virginia. That court conducted the MDL litigation in waves, with this case being one of the wave 8 cases. In their joint status report, the parties state that they have adopted in this case the briefs from prior waves regarding both general and case-specific experts. ECF No. 81. The experts at issue are Dr. Jamie Sepulveda-Toro, Dr. Timothy Ulatowski, Dr. Terri Longacre, Dr. Steven MacLean, Dr. Daniel Elliott, Dr. Bruce Rosenzweig, Dr. Vladimir Iakovlev, and Dr. Brian Flynn.

The judge presiding over the MDL, Judge Goodwin, issued several orders pertaining to these experts in prior waves, but he did not issue similar orders in the wave 8 cases. Because the parties have adopted their briefing from these prior waves, and because I see no reason to depart from Judge Goodwin's orders, I adopt in this case the following orders:

• Judge Goodwin's wave 5 order adopting his wave 1 order regarding Dr. Sepulveda-Toro (ECF No. 81-6);

• Judge Goodwin's wave 5 order adopting his wave 1 order regarding Dr. Ulatowski (ECF No. 81-7);

• Judge Goodwin's wave 6 order adopting his wave 1 order regarding Dr. Longacre (ECF No. 81-8);

• Judge Goodwin's wave 1 order regarding Dr. MacLean (ECF No. 81-9);

• Judge Goodwin's wave 7 order adopting his wave 1 order regarding Dr. Elliott (ECF No. 81-10);

• Judge Goodwin's wave 3 and wave 7 orders adopting his wave 1 order regarding Dr. Rosenzweig (ECF No. 81-14);

• Judge Goodwin's wave 4 order adopting his wave 1 order regarding Dr. Iakovlev (ECF No. 81-12); and

• Judge Goodwin's wave 6 order adopting his wave 1 order regarding Dr. Flynn (ECF No. 81-5).

Judge Goodwin reserved ruling on several issues related to some of these experts, and the parties request that I resolve those issues. I decline to do so on the current state of the record. The docket contains thousands of pages of briefs and expert reports in a format that does not lend itself to manageable resolution of any remaining issues regarding the experts. *See* ECF Nos. 70-73. Hundreds of pages have nothing to do with this case or relate to opinions that are not being challenged. I will not parse through the thousands of pages to find the exact arguments and portions of reports or depositions that the parties contend are still at issue. Moreover, it appears the parties are not certain what remains at issue as they indicate that at least one opinion on which they seek a ruling "may now be moot." ECF No. 81 at 14. And the issues may be narrowed further by my forthcoming rulings on the parties' case-specific motions on experts Dr. Iakovlev, Dr. Flynn, Dr. Ja-Hong Kim, as well as the parties' summary judgment motions.

Consequently, within 45 days after my ruling on the case-specific motions, the parties shall meet and confer to determine whether any further issues remain for resolution regarding the experts where Judge Goodwin reserved ruling. If the parties determine that further motions regarding experts are required, the parties will be permitted to file only one motion per expert on only those issues that Judge Goodwin reserved ruling. Each motion must be complete in and of itself and may not simply refer to or incorporate by reference some other motion docketed elsewhere. It must attach the challenged expert's report or testimony and must cite to the particular page within the expert's report or testimony where the challenged opinion or testimony is located. The motion also must attach any prior orders Judge Goodwin issued related to the expert. Failure to comply with these instructions will result in denial of the motion.

The parties also must confer on a schedule for the remainder of the case, including resolution of the outstanding expert issues (including those that I address by separate order regarding Dr. Flynn). Within 15 days after conferring, the parties shall file a joint status report setting forth their proposed schedule. If the parties cannot agree, the report shall set forth their separate proposals with a brief explanation of their respective positions.

DATED this 17th day of April, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE