# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA HEINRICH and GREGORY HEINRICH,<br><br>Plaintiffs<br><br>v.<br><br>ETHICON, INC.; ETHICON LLC; and JOHNSON & JOHNSON,<br><br>Defendants | Case No.: 2:20-cv-00166-APG-VCF<br><br>**Order Granting in Part Plaintiffs' Motion for Summary Judgment**<br><br>**[ECF No. 53]** |

This case was part of multidistrict litigation (MDL) assigned to the United States District Court for the Southern District of West Virginia concerning the use of transvaginal surgical mesh to treat stress urinary incontinence (SUI). Plaintiff Barbara Heinrich alleges that she suffered injuries after having the TVT-SECUR (TVT-S) product implanted. The TVT-S was designed and manufactured by defendants Johnson & Johnson and Ethicon, Inc. ECF No. 4. Her husband, plaintiff Gregory Heinrich, asserts a claim for loss of consortium. *Id.* This case was recently remanded from the MDL court with several motions pending.

The plaintiffs move for summary judgment on part of their causation theory, contending that it was foreseeable that a spiral sling would be implanted in Heinrich as a result of her devastated urethra, and because that was foreseeable the defendants are liable for injuries caused by the spiral sling. The plaintiffs also move for summary judgment on several of the defendants' affirmative defenses. The defendants concede some defenses, but otherwise oppose the motion.

The parties are familiar with the facts, so I do not repeat them here except where necessary. I grant the plaintiffs' motion in part.

////

# I. LEGAL STANDARD

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When the moving party also bears the burden of persuasion at trial, to prevail "on summary judgment it must show that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) (quotation omitted). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

# II. ANALYSIS

### A. Foreseeability of the Spiral Sling

The plaintiffs move for summary judgment on part of their causation theory, contending that it was foreseeable that a spiral sling would be implanted in Heinrich as a result of her

devastated urethra, and because that was foreseeable the defendants are liable for injuries caused by the spiral sling. The defendants argue there are issues of fact regarding causation. They note that Heinrich's own physician, Dr. Eilber, did not consider Heinrich a likely candidate for a spiral sling. And they present Dr. Flynn's expert opinion that Heinrich's significant injuries were not caused by the TVT-S and worsened only after the spiral sling was implanted.

The plaintiffs' motion rests on the assumption that the need for the spiral sling, *i.e.*, a devastated urethra, was caused by the TVT-S. The plaintiffs do not point to evidence in support of this assumption. They therefore have not met their initial burden under Rule 56. Moreover, the defendants have presented evidence from which a reasonable jury could conclude the TVT-S did not cause the devastated urethra and that a devastated urethra was not a foreseeable result of the TVT-S being implanted in Heinrich. *See* ECF Nos. 57-6 at 5-6, 7-8; 57-7. I therefore deny this portion of the plaintiffs' motion.

### B. Comparative Fault Defenses

The plaintiffs move for summary judgment on the defendants' comparative fault defenses,[1] arguing that those defenses have no application in a strict products liability case. They also contend there is no expert testimony that Heinrich's physicians fell below the standard of care or that any such malpractice caused Heinrich's injuries. The defendants respond that there are still negligence claims in this case, so their comparative fault defenses should remain even if those are not valid defenses to strict liability claims.[2]

---

[1] Those defenses are Ethicon's 42nd, 43rd, 44th, 45th, 46th, and 48th affirmative defenses and Johnson & Johnson's 44th, 45th, 47th, 48th, and 50th affirmative defenses. ECF Nos. 70-2 at 40-41; 70-4 at 41-43.

[2] The defendants assume in their response that the plaintiffs are moving on only Ethicon, Inc.'s affirmative defenses and not Johnson & Johnson's because of the numbering of the defenses the plaintiffs identify. The defendants do not explain why the same arguments would not apply to both defendants' identical affirmative defenses. My rulings therefore apply to both defendants.

Comparative fault is not a defense to a strict liability claim. *Young's Mach. Co. v. Long*, 692 P.2d 24, 25 (Nev. 1984).  And although comparative fault could be a defense to Heinrich's negligence claim, the defendants present no evidence to support a comparative fault defense. The defendants argue the plaintiffs' motion is premature because the defendants have filed a summary judgment motion that may narrow the claims in this case.  But the defendants did not move for summary judgment on Heinrich's negligence claims.  Thus, regardless of the disposition of the defendants' motion, Heinrich's negligence claims will remain.  The defendants nevertheless fail to point to evidence raising a genuine dispute as to comparative negligence in response to the plaintiffs' motion.  I therefore grant this portion of the plaintiffs' motion.

**C. Assumption of the Risk**

The plaintiffs argue there is no evidence Heinrich was aware that the TVT-S was defective, so the defendants cannot rely on a defense that she assumed the risk of the product and related procedure.[3]  The defendants again argue the motion is premature, and they set forth facts showing Heinrich was aware of the risks associated with the procedure and the TVT-S.

As with the plaintiffs' causation argument, this argument rests on their assumption that the TVT-S is defective.  But they point to no evidence establishing that it is.  They therefore have not met their initial burden under Rule 56.  Moreover, the defendants have presented evidence that the TVT-S was not defective, and that Heinrich and her physician understood the risks associated with the TVT-S. ECF Nos. 57-1 at 29-30; 57-5.  I therefore deny this portion of the plaintiffs' motion.

////

---

[3] This relates to Ethicon's 32nd and 42nd affirmative defenses and Johnson & Johnson's 34th and 44th affirmative defenses. ECF Nos. 70-2 at 38; 70-4 at 40-42.

**D.  Misuse of the Product**

The plaintiffs argue the misuse of product defense[4] fails as a matter of law because there is no evidence Heinrich or her doctors misused the TVT-S.  The defendants contend this motion is premature.  The defendants fail to point to evidence showing that Heinrich or her doctors misused the TVT-S.  The defendants' unilateral opinion that the motion is premature is not a basis to justify not substantively responding to the motion.  Because the defendants have not raised a genuine issue of material fact about this defense, I grant this portion of the motion.

**E.  Statute of Limitations**

The plaintiffs argue they are entitled to summary judgment on the statutes of limitations and repose defenses[5] because there is no evidence that their claims are time-barred.  The defendants argue there is evidence that Heinrich was aware of her injuries by May 4, 2009, or at least by June 2010, but she did not file her first complaint until July 2013.  They argue her claims thus are untimely under Nevada law, although they concede there may be issues of fact related to the discovery rule so they do not seek summary judgment themselves on this issue.

Following my ruling on the defendants' summary judgment motion, the following claims remain: negligence, strict liability – failure to warn, strict liability – design defect, negligent infliction of emotional distress, gross negligence, and loss of consortium.  These remaining claims are governed by a two-year limitation period for personal injuries caused by another person's wrongful act or negligence. Nev. Rev. Stat. § 11.190(4)(e); *Bender v. Clark Equip. Co.*,

---

[4] This relates to Ethicon's 49th affirmative defense and Johnson & Johnson's 51st affirmative defense. ECF Nos. 70-2 at 41; 70-4 at 43.

[5] This relates to Ethicon's 58th affirmative defense and Johnson & Johnson's 60th affirmative defense. ECF Nos. 70-2 at 43; 70-4 at 45.

897 P.2d 208, 208 (Nev. 1995) (applying § 11.190(4)(e)'s two-year limitation period to product liability claim).

A limitation period begins to run "from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997). A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)). Nevada has adopted the discovery rule, and thus time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

"In a discovery based cause of action, a plaintiff must use due diligence in determining the existence of a cause of action." *Bemis v. Estate of Bemis*, 967 P.2d 437, 440 (Nev. 1998). "Whether plaintiffs exercised reasonable diligence in discovering their causes of action is a question of fact to be determined by the jury or trial court after a full hearing." *Id.* (quotation omitted).

On May 4, 2009, Heinrich visited her doctor, Donna Miller. ECF No. 57-12. Dr. Miller referred Heinrich back to the doctor who implanted the TVT-S to address Heinrich's frequent urinary tract infections. *Id.* at 4. Heinrich testified that in June 2010, another doctor advised her that the mesh might be causing her injuries. ECF No. 57-1 at 20; *see also* ECF No. 57-11. Heinrich filed her first complaint on July 8, 2013. ECF No. 57-13.

////

Based on this evidence, it is up to the jury to decide whether Heinrich discovered or should have discovered her claims more than two years prior to July 8, 2013.  I therefore deny this portion of the plaintiffs' motion.

### F.  Process and Service of Process

The plaintiffs argue the affirmative defenses for inadequate process and service of process[6] fail because there is no evidence service was deficient.  The defendants agree to withdraw these affirmative defenses.  I therefore grant this potion of the plaintiffs' motion for summary judgment.

### G.  Alternative Safer Design

The plaintiffs argue that under Nevada law they are not required to produce evidence of an alternative safer design, so the defendants' affirmative defense[7] fails as a matter of law.  The defendants agree that it is not part of the plaintiffs' prima facie case to identify an alternative safer design, but they contend they will present evidence on the topic in response to any design defect claim in the case.  I therefore grant this portion of the plaintiffs' motion to the extent that the plaintiffs bear no burden of proving an alternative safer design as part of their prima facie case.

### H.  Learned Intermediary Doctrine

The plaintiffs argue Nevada has not adopted the learned intermediary doctrine in the context of manufacturers of medical devices.[8]  The defendants respond that although the

---

[6] This relates to Ethicon's 5th and 6th affirmative defenses and Johnson & Johnson's 7th and 8th affirmative defenses. ECF Nos. 70-2 at 33; 70-4 at 34.

[7] This relates to Ethicon's 25th affirmative defense and Johnson & Johnson's 27th affirmative defense. ECF Nos. 70-2 at 37; 70-4 at 38.

[8] This relates to Ethicon's 40th and 41st affirmative defenses and Johnson & Johnson's 42nd and 43rd affirmative defenses. ECF Nos. 70-2 at 40; 70-4 at 41.

7

Supreme Court of Nevada has not yet adopted the doctrine in this context, federal district judges in this district have predicted it would, and I should do the same.

I have already addressed the learned intermediary doctrine in my order on the defendants' motion for summary judgment. There, I predicted that the Supreme Court of Nevada would adopt the learned intermediary doctrine in this context. I therefore deny this portion of the plaintiffs' motion.

**III.  CONCLUSION**

I THEREFORE ORDER that the plaintiffs' motion for summary judgment **(ECF No. 53) is GRANTED in part**. The motion is granted as to Ethicon, Inc.'s affirmative defenses of comparative fault, misuse of product, process and service of process, and alternative safer design. I deny the motion in all other respects.

DATED this 17th day of April, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE