# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA HEINRICH and GREGORY HEINRICH,<br><br>Plaintiffs<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>Defendants | Case No.: 2:20-cv-00166-APG-VCF<br><br>**Order Regarding Status Report and Proposed Schedule** |

This is one of thousands of cases that were joined in multidistrict litigation (MDL) in the United States District Court for the Southern District of West Virginia. It has since been transferred to this court for trial. I recently ruled on multiple pending motions and directed the parties to confer about whether any further issues remain regarding the experts where Judge Goodwin reserved ruling. I also directed the parties to confer on a schedule for the remainder of the case.

With respect to the experts, the parties' status report appears to request a ruling regarding Dr. Ulatowski based on the current state of the record. ECF No. 91 at 7. As I stated in my prior order, I will not address outstanding expert issues in which the parties simply incorporate prior briefing in this case.[1] ECF No. 85. If the plaintiffs want to exclude all or some of Dr. Ulatowski's opinions, they must file a motion consistent with my prior order. *Id.* at 3.

I adopt the parties' proposed schedule and deadlines through the end of 2020 as set forth in the status report. ECF No. 91. I am in general agreement with the proposed schedule for 2021,

---

[1] The exception is Dr. Flynn, for whom the remaining issues will be addressed at the *Daubert* hearing. No further motion practice is necessary regarding Dr. Flynn.

but given the COVID-19 pandemic and its impact on the court's calendar and ability to conduct a jury trial, particularly one lasting from six to ten days, the proposed schedule will have to be revisited following mediation, which the parties contemplate taking place by the end of 2020.

Finally, the parties agree to reopen discovery to take the depositions of Gregory Heinrich, Taylor Berg, Stefan Berg, and Cathy Bursey. I grant the joint request to reopen discovery for these witnesses. However, the parties dispute whether discovery should be reopened for other witnesses, including re-deposing Barbara Heinrich and Dr. Hsieh. In his transfer order, Judge Goodwin "urge[d] the receiving court to immediately set these cases for trial without reopening discovery. Further discovery will only result in unjust delay. Extensive development of these cases over a period of years has made such further action completely unnecessary." ECF No. 69 at 1. Consequently, I deny reopening discovery beyond the depositions to which the parties have agreed. If the parties can agree to additional depositions, I will consider a stipulation to expand the scope of fact discovery.

I THEREFORE ORDER that the schedule set forth in the parties' status report (ECF No. 91) governs the remainder of this case, subject to revision following the parties' mediation, which is anticipated to take place by the end of 2020.

I FURTHER ORDER that fact discovery is reopened solely for taking the depositions of Gregory Heinrich, Taylor Berg, Stefan Berg, and Cathy Bursey.

DATED this 22nd day of June, 2020.

                                                      ANDREW P. GORDON
                                                      UNITED STATES DISTRICT JUDGE