# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BARBARA HEINRICH and GREGORY HEINRICH,

    Plaintiffs

v.

ETHICON, INC., et al.,

    Defendants

Case No.: 2:20-cv-00166-APG-VCF

**Order Granting Motion to Bifurcate**

[ECF No. 103]

    Defendants Ethicon, Inc. and Johnson & Johnson move to bifurcate the trial of this matter into two phases: first addressing their statute of limitations defense and second addressing the merits of the plaintiffs' claims. ECF No. 103.  They contend that a favorable decision on the limitation period will obviate the need for a weeks-long trial on the merits.  The plaintiffs oppose, arguing that bifurcation will lead to unnecessary duplication of testimony. ECF No. 114. I grant the motion because the overlap of testimony will not be significant and the limitations issue may be dispositive, so bifurcation will be more efficient.  And, bifurcation will avoid prejudice to the defendants in how they present their case to the jury.

"Statutes of limitation . . . do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury. *G & H Assocs. v. Ernest W. Hahn, Inc*., 934 P.2d 229, 233 (Nev. 1997) (citing *Nevada State Bank v. Jamison Partnership*, 801 P.2d 1377, 1382 (Nev. 1990)).  "A plaintiff is on inquiry notice when he or she should have known of facts that would lead an ordinarily prudent person to investigate the matter further. . . . The focus is on the [plaintiff's] knowledge of or access to

facts rather than on her discovery of legal theories." *Hunt-Krygiell v. Ballard Spahr LLP*, 417 P.3d 1127 (Nev. 2018) (internal quotations and citations omitted).

The defendants argue that the plaintiffs filed suit well after the limitation period expired. They believe this can be proven with a short trial because the focus of testimony would be narrow so very few witnesses and documents are needed. They also argue that without bifurcation they must argue contradictory positions to the jury: they would argue that the plaintiffs knew or should have known the alleged cause of Mrs. Heinrich's injuries while at the same time arguing that their product did not cause her injuries. ECF No. 103 at 11-12. These seemingly conflicting positions could confuse the jury and prejudice the defendants.

The plaintiffs respond that the limitation period should be tolled because the defendants fraudulently concealed facts that would have put the plaintiffs on notice of their potential claims. Thus, they must present several witnesses and documents to address the limitation period, resulting in a longer trial than the defendants contend.

The statute of limitations defense could be dispositive, and a trial on that issue will be far shorter than a trial on the merits. While there may be some overlap of testimony and evidence between the two trials, it will not be significant. And bifurcation avoids the prejudice to the defendants of having to argue seemingly conflicting positions to the jury, while imposing no prejudice upon the plaintiffs. A separate, preliminary trial on the limitations defense will promote judicial economy, avoid jury confusion of the issues, and prevent possible undue prejudice. *Young v. Mentor Worldwide LLC*, 312 F. Supp. 3d 765, 768 (E.D. Ark. 2018).

I THEREFORE GRANT the defendants' motion to bifurcate (ECF No. 103). I will conduct a preliminary jury trial on the narrow issue of the defendants' statute of limitations defense. If necessary, I will conduct a second trial, with a different jury, on the merits of the

plaintiffs' claims.  The scope of the evidence to be presented at the first trial will be addressed after the pending motions are resolved.

I FURTHER ORDER that, as of now, the deadlines in the Scheduling Order (ECF No. 109) still apply.  However, the parties will submit two Proposed Joint Pretrial Orders, one for each trial.

DATED this 15th day of April, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE