UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA HEINRICH and GREGORY HEINRICH,<br><br>　　　　Plaintiffs<br><br>v.<br><br>ETHICON, INC.; ETHICON LLC; and JOHNSON & JOHNSON,<br><br>　　　　Defendants | Case No.: 2:20-cv-00166-APG-VCF<br><br>**Order (1) Granting in Part Defendants' Motion in Limine No. 1 and (2) Denying Plaintiffs' Motion to Amend**<br><br>**[ECF Nos. 129, 146]** |

　　　　This case is one of many thousands of cases that were joined in multidistrict litigation (MDL) in the United States District Court for the Southern District of West Virginia. The case was transferred to this court for trial in January 2020. ECF No. 69.

　　　　The defendants filed a motion *in limine* to preclude evidence regarding fraudulent concealment, equitable estoppel, or other doctrines related to tolling the statute of limitations. The defendants contend this evidence is not admissible because the plaintiffs did not plead tolling in their amended short form complaint, they withdrew their fraudulent concealment claim, and fraudulent concealment was not pleaded with particularity under Federal Rule of Civil Procedure 9(b).

　　　　The plaintiffs respond and move to amend if necessary. ECF Nos. 145, 146. They argue that I should deny the defendants' motion because it does not identify what evidence the defendants seek to exclude. The plaintiffs contend this is problematic because the same evidence might support both the discovery rule and fraudulent concealment. The plaintiffs argue, for example, that the representations the defendants made about their products are relevant to whether Barbara Heinrich or her doctors knew or should have known that the product was

unreasonably dangerous.  And they contend that, for their failure to warn claim, they have to show the defendants knew of the hazards but failed to warn, so the defendants' representations to physicians that the product was safe despite knowing of the hazards goes to when Barbara could have learned about the defendants' knowledge.

The plaintiffs also argue that they withdrew the fraudulent concealment claim because the MDL court ruled that all fraud claims were subsumed by the failure to warn claim and, at any rate, fraudulent concealment as a claim is different than fraudulent concealment for tolling purposes.  They also argue that to the extent they failed to mark the discovery/tolling box on the amended short form complaint, they should be allowed to amend because they checked the box for discovery/tolling on the first short form complaint and then inadvertently did not do it on the amended one.  They also contend they were not allowed to plead with more particularity due to the short form complaint process.

I grant the defendants' motion in part.  The plaintiffs did not respond to the defendants' arguments regarding equitable tolling or any other tolling doctrine other than fraudulent concealment.  I therefore grant the defendants' motion as to those doctrines.  I also grant the defendants' motion as to fraudulent concealment because the plaintiffs failed to plead it as required and because I deny their untimely motion to amend to add it.

That being said, the evidence related to fraudulent concealment and other tolling doctrines may overlap with evidence that is relevant to the discovery rule, which the defendants concede is still at issue in this case. ECF No. 129 at 4 n.3.  The defendants do not identify what evidence they are seeking to exclude.  I therefore cannot determine whether the evidence is relevant to the plaintiffs' discovery rule arguments.

/ / / /

### A. Equitable Tolling and Other Tolling Doctrines

The defendants moved to exclude evidence relating to equitable tolling or other tolling doctrines. The plaintiffs did not respond except to argue that fraudulent concealment is still at issue in this case. I therefore grant as unopposed the defendants' motion to exclude evidence related to equitable tolling or other tolling doctrines. LR 7-2(d). However, as discussed below with respect to fraudulent concealment, the defendants have not identified what evidence they are seeking to exclude. To the extent that evidence overlaps with evidence relevant to the discovery rule, I do not exclude it. The defendants will have to object at trial to particular evidence and questions.

### B. Dismissal of the Fraudulent Concealment Claim

The original complaint contained both a fraudulent concealment claim and allegations of fraudulent concealment for tolling purposes. ECF No. 57-13 at 18-24 (asserting claims for deceit by concealment and fraud), 27 (alleging discovery rule and fraudulent concealment related to the statute of limitations). I dismissed the fraudulent concealment claim at summary judgment after the plaintiffs voluntarily withdrew it. ECF No. 86. The dismissal of the fraudulent concealment claim has no impact on the allegations of fraudulent concealment for tolling. I therefore deny the motion to the extent the defendants contend that dismissal of the fraudulent concealment claim resulted in dismissal of fraudulent concealment for tolling purposes.

### B. Failure to Check the Box

The original complaint contains fraudulent concealment allegations for statute of limitations tolling purposes. In the MDL, Barbara Heinrich's original short form complaint checked the box for discovery rule and tolling. ECF No. 1. Her and Gregory Heinrich's amended short form complaint, however, did not. ECF No. 4.

Under both Nevada and federal law, "fraudulent concealment must be alleged with particularity. The plaintiff must show the means by which previously unknown information was acquired within the statutory period which led to discovery of the concealment . . . ." *Golden Nugget, Inc. v. Ham*, 646 P.2d 1221, 1224 (Nev. 1982); *see also Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir. 1980).

Because the plaintiffs did not check the tolling box on the amended short form complaint, they have not alleged fraudulent concealment as a tolling doctrine in this case. They therefore cannot rely on fraudulent concealment to toll the limitation period unless I grant their concurrently filed motion to amend.

**C. Amendment**

The plaintiffs move for leave to amend and attach a proposed amended short form complaint checking the box for discovery/tolling. ECF Nos. 146; 146-3. The defendants oppose, arguing the plaintiffs have unreasonably delayed amendment. They contend there is no explanation for the late amendment, especially where the defendants pointed out that the plaintiffs had not checked the box months ago, but the plaintiffs did not move for leave to amend until responding to this motion *in limine*. The defendants argue that amendment would prejudice them because, based on the short form complaint, they have operated as if fraudulent concealment was not at issue in this case. They also argue amendment would be futile because there are no allegations that they engaged in intentional conduct directed at these plaintiffs that deterred them from timely filing a claim. They argue silence is insufficient to support tolling through fraudulent concealment.

In reply, the plaintiffs argue they made an oral motion to amend at the April 13, 2021 hearing, but that I did not rule on it. The plaintiffs contend that Nevada would allow a showing

of fraudulent concealment through intentionally withheld information. They also argue there are allegations pleaded with particularity about the defendants withholding information from the public and physicians.

Under Federal Rule of Civil Procedure 15(a)(2), I "should freely give leave [to amend] when justice so requires."[1] I consider five factors to assess whether to grant leave to amend under Rule 15(a): (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Whether to grant leave to amend under Rule 15 lies within my discretion. *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

I deny leave to amend because the plaintiffs have previously amended, have unduly delayed, and amendment would prejudice the defendants. The plaintiffs filed the amended short form complaint in January 2014. That amendment added Gregory Heinrich as a plaintiff and added a loss of consortium claim for Gregory, but it did not check the box for tolling even though the prior short form complaint for Barbara had checked the box. More than seven years passed during which time the plaintiffs did not notice their mistake. In that time, the parties concluded discovery, briefed summary judgment, and were arguing about whether to bifurcate trial when the issue was first raised before this court.

---

[1] The parties do not address whether a scheduling order set a deadline to amend the pleadings in this case. I will not search the record for one. I therefore do not address whether the plaintiffs have met the stringent "good cause" standard under Federal Rule of Civil Procedure 16 for amending the scheduling order. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

The plaintiffs do not explain their failure to notice the error even though the statute of limitations was an issue at summary judgment, which the parties briefed in 2018. Additionally, in February 2021, the defendants noted that the plaintiffs had not checked the tolling box on the amended short form complaint. ECF No. 116 at 3, 8. That still did not prompt the plaintiffs to move to amend until two months later, when they made an oral motion to amend during a hearing on the motion to bifurcate the trial. ECF No. 129-2 at 18, 24-25. But as the plaintiffs note, I did not rule on the plaintiffs' oral motion. *See* ECF No. 128. The plaintiffs still did not seek leave to amend until a month later, and only then in response to the defendants' motion *in limine*.

The defendants would be prejudiced if I allowed this late amendment. Because the box was unchecked, the defendants may have assumed that fraudulent concealment was not an issue for tolling purposes. The plaintiffs argue that the defendants are not prejudiced because they conducted discovery on the substantive fraudulent concealment claim and because the parties and the court have addressed this issue multiple times. But this court has not addressed fraudulent concealment multiple times. The plaintiffs point to the summary judgment briefing, but those briefs did not refer to fraudulent concealment for tolling purposes. Further, the plaintiffs voluntarily withdrew their fraudulent concealment claim after the defendants argued it was duplicative of a failure to warn claim. It is unclear what discovery the parties conducted related to fraudulent concealment for tolling and the plaintiffs have not identified any.

In sum, under both federal and Nevada law, the plaintiffs were required to plead fraudulent concealment for tolling purposes. They did not do so. It is too late for the plaintiffs to amend to add fraudulent concealment for tolling the statute of limitations. I therefore deny the motion to amend.

### C. What Evidence is Excluded

Although I have denied amendment to add fraudulent concealment as a tolling theory, there is likely to be significant overlap between evidence that might show fraudulent concealment and that might be relevant to determining when the plaintiffs reasonably should have discovered their claims. For example, if the defendants were reassuring physicians that the device was safe and effective, that may aid the plaintiffs in explaining why none of Barbara Heinrich's doctors were suggesting to her that there was a defect in the product as opposed to normal complications from treatment for stress urinary incontinence. And if Barbara's doctors told her she was experiencing normal complications, then the first-phase jury may find she reasonably did not discover her claims earlier.

The defendants do not identify what evidence they specifically seek to exclude. I therefore cannot determine what evidence may be relevant to the discovery rule versus fraudulent concealment. As a result, the defendants will have to object to specific questions or evidence at trial.

In relation to this issue, the parties have disputed what triggers a plaintiff's notice under the discovery rule in Nevada. I addressed a similar dispute in *Young v. Ethicon*, No. 2:20-cv-2018-APG-EJY, which is another case from the same MDL. There I stated that it was up to the jury to decide whether the fact of the plaintiff's injuries following surgery would put her on notice of her claims. *Young v. Ethicon*, No. 2:20-cv-2018-APG-EJY, ECF No. 101 at 3-6; *see also Winn v. Sunrise Hosp. & Med. Ctr.*, 277 P.3d 458, 462-63 (Nev. 2012) (en banc). I see no reason to depart from that analysis in this case.

/ / / /

/ / / /

### D. Conclusion

I THEREFORE ORDER that the defendants' motion *in limine* No. 1 **(ECF No. 129) is GRANTED in part**.

I FURTHER ORDER that the plaintiffs' motion to amend **(ECF No. 146) is DENIED**.

DATED this 1st day of November, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE