UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA HEINRICH and GREGORY HEINRICH,<br><br>    Plaintiffs<br><br>v.<br><br>ETHICON, INC.; ETHICON LLC; and JOHNSON & JOHNSON,<br><br>    Defendants | Case No.: 2:20-cv-00166-APG-VCF<br><br>**Order Granting in Part Defendants' Motion in Limine No. 2**<br><br>**[ECF No. 130]** |

This case is one of many thousands of cases that were joined in multidistrict litigation (MDL) in the United States District Court for the Southern District of West Virginia. The case was transferred to this court for trial in January 2020. ECF No. 69.

The defendants filed a motion *in limine* seeking to exclude from trial evidence of other lawsuits and claims involving other women who have been implanted with pelvic mesh devices and lawsuits involving other Johnson & Johnson products other than pelvic mesh products. The defendants argue this evidence is irrelevant, unfairly prejudicial, improper character evidence, and inadmissible hearsay. The defendants contend that the evidence of other lawsuits would require mini-trials regarding each woman's case given the varying facts surrounding each woman's medical history combined with the complicated scientific and medical issues. They argue that would distract from the question of whether plaintiff Barbara Heinrich was injured by the specific mesh device implanted in her.

The plaintiffs respond that evidence of other occurrences is admissible to show negligence, design defect, or notice of a defect if the proponent of the evidence can show substantial similarity between the occurrences and the plaintiff's case. The plaintiffs also

contend this evidence is allowed to test witness credibility and may be offered for non-hearsay purposes.

### A. Substantial Similarity

"A showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect." *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991). Although the plaintiffs refer to this legal principle, they do not attempt to show substantial similarity to any other lawsuit. Consequently, I grant this portion of the defendants' motion and preclude the plaintiffs from offering evidence of other lawsuits to show the defendants were negligent, the TVT-S was defective, or the defendants were on notice of a defect in the TVT-S.

### B. Witness Credibility

The plaintiffs contend evidence of other complaints is admissible to test witness credibility. The plaintiffs assert that complaints filed about the TVT-S rebut the anticipated testimony of the defendants' witnesses that the TVT-S is safe and show the witnesses are biased because they discount patient complaints. For example, the plaintiffs assert that Dr. Brian Flynn is going to testify that the TVT-S is safe based on his own experience implanting the device, yet at least 12 of his 169 TVT-S patients have filed a complaint related to the device. The plaintiffs contend this shows that Flynn's lower estimate of his own complication rate is faulty and underestimated.

The defendants' motion did not address this potential use of the evidence, so I do not consider it other than to note that evidence of other occurrences involving a product may be admissible to impeach an expert who "testifies that a product is generally safe" to "show[] the witness had knowledge of prior accidents caused by the product." *Id*. However, "[i]f an expert

restricts his testimony to the product's safety with respect to the type of accident at issue, or acknowledges on direct examination the occurrence of prior accidents in dissimilar circumstances, evidence of such accidents will not be relevant to his credibility and will not be admissible." *Id.* I therefore deny this portion of the defendants' motion, without prejudice to the defendants objecting to particular evidence and questions at trial.

### C. FRE 807

The plaintiffs contend that the short form complaints in the MDL are admissible under Federal Rule of Evidence 807 because the statements were prepared by counsel under Federal Rule of Civil Procedure 11's requirements, the defendants have access to the information about each implantation in other cases, and thus the information about the other cases is sufficiently trustworthy.

Federal Rule of Evidence 807 provides a catchall hearsay exception where "(1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts."

Although the short form complaints must be prepared under Rule 11, that does not make them sufficiently reliable under Rule 807. They are out-of-court allegations that need not be attested to under oath. The plaintiffs' position would mean that every unverified complaint in any case would be admissible as non-hearsay because every complaint must be filed in compliance with Rule 11. They cite no authority for this proposition. Moreover, the plaintiffs do not argue, and thus have not shown, that the short form complaints are more probative than

other evidence they could have obtained through reasonable efforts. The plaintiffs thus have not shown the short form complaints are admissible under Rule 807.

### D. Other Products

The plaintiffs do not dispute that evidence of other lawsuits involving products other than TVT-S is irrelevant to this case. I therefore grant this portion of the defendants' motion as unopposed. LR 7-2(d).

### E. Conclusion

I THEREFORE ORDER that the defendants' motion *in limine* No. 2 **(ECF No. 130) is GRANTED in part** as set forth above.

DATED this 1st day of November, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE