UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA HEINRICH and GREGORY HEINRICH,<br><br>　　　　Plaintiffs<br><br>v.<br><br>ETHICON, INC.; ETHICON LLC; and JOHNSON & JOHNSON,<br><br>　　　　Defendants | Case No.: 2:20-cv-00166-APG-VCF<br><br>**Order Denying Motion to Certify Question of Law to the Supreme Court of Nevada**<br><br>**[ECF No. 165]** |

　　　　This case is one of many thousands of cases that were joined in multidistrict litigation (MDL) in the United States District Court for the Southern District of West Virginia. The case was remanded to this court for trial in January 2020. ECF No. 69. Plaintiffs Barbara and Gregory Heinrich request that I certify a question of law to the Supreme Court of Nevada regarding the appropriate statute of limitations for a product liability claim. ECF No. 165. The plaintiffs contend it should be four years under Nevada's catchall limitation period. The defendants contend it is two years for a personal injury claim.

　　　　The defendants oppose the motion to certify, arguing that an answer to the certified question is not necessarily dispositive of the plaintiffs' claims because the plaintiffs assert their claims are timely regardless of whether a two- or four-year limitation period applies, and the defendants assert the claims are untimely regardless of which limitation period applies. The defendants also argue that the plaintiffs' request is untimely because the plaintiffs did not assert that a four-year limitation period applies until after I ruled on summary judgment that a two-year period applies. Finally, the defendants contend that other judges in this district have already

determined that the statute of limitations for this type of claim is two years and Chief Judge Du previously declined to certify this very question.

Under Nevada Rule of Appellate Procedure 5, the Supreme Court of Nevada may answer questions of law certified to it by a United States District Court upon the certifying court's request:

> if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court or Court of Appeals of this state.

Nev. R. App. P. 5(a); *see also Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.3d 1161, 1163-64 (Nev. 2006) (en banc).  A certifying court may invoke Rule 5 on its own motion or on the motion of any party. Nev. R. App. P. 5(b).

Certification is not mandatory where state law is unclear on a particular issue. *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974).  Rather, when I am presented with an issue of state law which the state's highest court has not addressed, I typically must predict how the state's highest court would decide the issue. *See, e.g.*, *U.S. Bank, N.A., Tr. for Banc of Am. Funding Corp. Mortg. Pass-Through Certificates, Series 2005-F v. White Horse Estates Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021).  In some circumstances, certification is appropriate and may "save time, energy, and resources and help[ ] build a cooperative judicial federalism." *Lehman Bros.*, 416 U.S. at 391.

Whether to certify a question lies within my discretion. *Id.*  In making this decision, I consider factors such as whether the issue involves a significant question of important state public policy, whether the issue has broad application, whether law from other states is instructive, the state court's case load, and comity and federalism concerns. *Kremen v. Cohen*,

325 F.3d 1035, 1037-38 (9th Cir. 2003); *see also Boucher v. Shaw*, 483 F.3d 613, 616 (9th Cir. 2007).

Additionally, I may consider the timing of the certification, and whether certification will achieve savings to time, money, and resources or promote cooperative judicial federalism. *See Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984). When a party requests certification for the first time after losing on the issue, that party must show "particularly compelling reasons" for certifying the question. *Id.* ("Ordinarily such a movant should not be allowed a second chance at victory . . . .").

I decline to certify the question to the Supreme Court of Nevada. The plaintiffs' certification request comes too late in the case and only after I ruled that the applicable limitation period was two years. In the plaintiffs' motion for summary judgment filed in October 2018, they did not identify what limitation period they thought applied to their remaining claims. They argued only that the statute of limitations is an affirmative defense and the defendants had not presented any evidence to support that defense. ECF No. 54. The defendants responded that they did not move for summary judgment on the statute of limitations because they acknowledged that Nevada has a discovery rule. ECF No. 57 at 11-12. The defendants assumed a two-year limitation period applied to all claims without analysis or citation. In their reply, the plaintiffs did not dispute that a two-year period applied. ECF No. 64.

In the parties' joint status report filed in March 2020, the plaintiffs indicated that they might want to certify to the Supreme Court of Nevada the question of what statute of limitations applies to a product liability claim. ECF No. 81 at 16. The defendants also indicated they wanted to file a summary judgment motion on the statute of limitations defense, but they never did. *Id.*

3

In April 2020, I ruled on the plaintiffs' summary judgment motion. ECF No. 90. I applied a two-year limitation period to the plaintiffs' product liability claims. *Id.* at 5-6. The plaintiffs did not seek reconsideration of my order. Instead, they waited to move for certification until the parties were preparing the pretrial order for the first-phase trial, which is focused on whether the plaintiffs' claims are time-barred. The plaintiffs' motion is untimely and will not save time, money, or resources. The plaintiffs have known since at least March 2020 that they wanted to certify this question, yet they took no steps to do so and instead awaited my ruling on summary judgment. After I issued my order applying a two-year limitation period, the plaintiffs did not seek reconsideration or certification until nearly a year-and-a-half later with the present motion. Certifying now would only delay this case and multiply the litigation in a case which has been pending for over eight years. *See* ECF No. 57-13 (original complaint filed in July 2013).

Moreover, this district has nearly uniformly predicted that the Supreme Court of Nevada would hold that the limitation period for product liability claims in Nevada is two years. *See, e.g.*, *Cecconi v. Beneficial Sols., LLC*, No. 3:19-cv-00599-MMD-CLB, 2020 WL 1000529, at *2 (D. Nev. Mar. 2, 2020); *Coryell v. U.S.*, No. 2:18-cv-00593-GMN-NJK, 2019 WL 720972, at *3 (D. Nev. Feb. 20, 2019); *Campos v. New Direction Equip. Co.*, No. 2:08-CV-00286-LRH-RJJ, 2009 WL 114193, at *3 (D. Nev. Jan. 16, 2009).[1] Those rulings are consistent with the Supreme Court of Nevada's ruling in *Bender v. Clark Equipment Co.*, in which it applied the two-year limitation period in Nevada Revised Statutes § 11.190(4)(e) to a product liability claim. 897 P.2d 208, 208 (Nev. 1995).

---

[1] *But see Fisher v. Pro. Compounding Centers of Am., Inc.*, 311 F. Supp. 2d 1008, 1017 (D. Nev. 2004) (applying the four-year catchall).

In sum, I decline to certify this question to the Supreme Court of Nevada because the plaintiffs delayed in making the request until after they received an unfavorable ruling and thereafter delayed another year and four months before requesting certification. Additionally, the consensus in this district is that the applicable limitation period is two years, and that is consistent with the available guidance from the state court.

I THEREFORE ORDER that the plaintiffs' motion to certify a question of law to the Supreme Court of Nevada **(ECF No. 165) is DENIED**.

DATED this 1st day of November, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE