UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Barbara Heinrich and Gregory Heinrich,<br><br>Plaintiffs<br><br>v.<br><br>Ethicon, Inc.; Johnson & Johnson,<br><br>Defendants | Case No. 2:20-cv-00166-CDS-VCF<br><br>**Order Granting in Part and Denying in Part Defendants' Motion for a Protective Order**<br><br>[ECF No. 192] |

      Plaintiff Barbara Heinrich alleges that she suffered injuries after being implanted with the TVT-SECUR (TVT-S) product, which was designed and manufactured by defendants Johnson & Johnson and Ethicon, Inc. Compl., ECF No. 4. Defendants move for a protective order precluding plaintiffs from using certain evidence that Heinrich has obtained through a Colorado public-records request and for an order directing plaintiffs to stop seeking the same sort of public-records requests in the future. Mot. for Protective Order, ECF No. 192. Defendants argue that the requests are improper because they constitute attempts to circumvent this court's discovery deadlines, and that such requests deprive defendants of the opportunity to oppose production. *See generally id.* The Heinrichs oppose the motion, arguing that there is no basis on which to restrict a litigant from conducting informal investigations. *See generally* Resp. Br., ECF No. 193. For the reasons set forth herein, defendants' motion is granted in part and denied in part.

**I.    Legal Standards**

      Federal Rule of Civil Procedure 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (quoting John Roberts, 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015), available at http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf). Proportionality requires an active involvement of federal judges to make decisions regarding the scope of discovery. *See In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) (stating that "the parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes" (cleaned up) (citing Rule 26, Advis. Comm. Notes for 2015 Amends.)).

When a party fails to provide requested discovery, the requesting party may move to compel production. *See* Fed. R. Civ. P. 37(a). On the other hand, a party from whom discovery is sought may move for a protective order to limit or prevent it. *See* Fed. R. Civ. P. 26(c). For good cause, courts may issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Id.*; *see also* Fed. R. Civ. P. 26(b)(2)(C) (courts must limit frequency or extent of discovery that is otherwise permissible if it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive); *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (while discovery should not be unnecessarily restricted, discovery is more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents).

The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). In deciding discovery disputes,

courts must be careful not to deprive a party of discovery that is reasonably necessary to its case. *Dart Indus.*, 649 F.2d at 680.

To establish good cause under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). Further, a party asserting good cause bears the burden, for *each* particular document that it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. *Foltz*, 331 F.3d at 1130 ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (internal quotation marks omitted))); *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987) (requiring party requesting a protective order to provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm").

II. **Discussion**

Long after the close of discovery,[1] long after an order declining to re-open discovery beyond family and friends' depositions (ECF No. 92 at 2) was issued, and long after the Heinrichs tacit admission that certain documents and information related to defendants' expert Dr. Flynn was not compelled (*see* ECF No. 140), the Heinrichs sought additional discovery by filing a Colorado Open Records Act (CORA) request,[2] which is essentially a public-records

---

[1] The discovery deadline was October 4, 2018. Pretrial Order, ECF No. 31.

[2] *See* ECF No. 192-3, copy of CORA request.

3

request.[3]

This is the second CORA request that the Heinrichs have submitted. I denied the first protective order request in June of 2022 upon plaintiffs' counsel's representation that there were no responsive documents. ECF No. 187. Specifically, the Heinrichs requested information related to a study titled "Efficacy and Complications of TVT-Secur in the management of Stress Urinary Incontinence," that was apparently conducted by Ryan Terlecki, MD; Thomas Pshak, MD; and Brian Flynn, MD sometime between 2007 and 2009. CORA Request, ECF No. 192-3.

While not wholly clear, it appears that the Heinrichs received responsive documents to their second CORA request. But the receipt of responsive documents is not what prompted this second motion for a protective order. Rather, as set forth in the defendants' motion, they seek this protective order because the Heinrichs' second CORA request comes long after the close of discovery, runs counter to the multidistrict litigation (MDL) order not to seek such information from the parties' experts' employers due to the potential embarrassment and harassment issues, opens the door to reciprocal requests regarding the plaintiffs' experts. ECF No. 192 at 13.

The Heinrichs contend that they are not precluded by any federal rule from seeking public-records requests after the discovery cut-off date. *See generally* ECF No. 193. The Heinrichs further argue that obtaining those documents in such a manner does not render them inadmissible, especially if they are going to be used for impeachment purposes. *Id.* In support of their position, plaintiffs primarily rely on two cases: *Noland v. City of Albuquerque*, 2009 WL 5217998 (D.N.M. Oct. 27, 2009) and *Whittaker Corp. v. Execuair Corp*, 736 F.2d 1341, 1347 (9th Cir. 1984).[4]

In *Noland*, a judge in the United States District Court for the District of New Mexico, found that there was not relevant legal authority preventing the plaintiff from making valid

---

[3] CORA creates an absolute and mandatory right to inspect public records except for those that are specifically exempted, or unless that inspection is contrary to state or federal law, prohibited by the rules of the Supreme Court or any court, or would be contrary to the requirements of any joint rule of the Senate or House of Representatives pertaining to lobbying practices. C.R.S. § 24-72-204(1).

[4] Plaintiffs also rely on non-binding authority from California.

public-records requests while his lawsuit was pending. *Noland*, 2009 WL 5217998, at *3. But the procedural posture of the *Nolan* case is distinct from that of this case. There, the public-records requests were conducted before any discovery deadlines were set. Because of this procedural difference, *Whittaker* is more instructive. In that case, the Ninth Circuit held that discovery obtained outside of the discovery process and a cut-off date "does not . . . affect admissibility of [the] evidence obtained." *Whittaker Corp.*, 736 F.2d at 1347. Importantly, the Ninth Circuit went on to conclude that if the defendant in that case believed the plaintiff's "conduct regarding discovery in the . . . action was in any way improper, [defendant] should have sought a protective order . . . ." *Id.* (citing Fed. R. Civ. P. 26(c)). That is precisely what the defendants are doing here, so I am thus required to determine whether the Heinrichs' conduct is improper or if discovery should otherwise be limited.

        As a threshold matter, I find that that that defendants have met their burden of establishing good cause for seeking the protective order as to the CORA requests about a study in which Dr. Flynn was involved, and as set forth in the CORA request. *See* ECF No. 192-3. Such a protective order is designed to protect Dr. Flynn from annoyance, embarrassment, or oppression from repetitive requests for information. As discussed *supra*, this is the second request from the Heinrichs to Dr. Flynn's employer, which runs afoul of the long-standing MDL practice not to make such requests. The Heinrichs provide no information about why they are seeking this information four years after the close of discovery, asserting neither good cause nor excusable neglect. Instead, they merely argue that they are not specifically prohibited from doing so. And while I agree with the position that there is no specific authority prohibiting such requests outside the discovery process and cut-off dates, it is clear that the CORA request is an attempt to circumvent the cut-off dates and the Honorable Judge Andrew P. Gordon's decision to limit the re-opening of discovery.[5]

---

[5] Judge Gordon presided over this case before it was administratively reassigned to me.

Further, allowing said request would open the proverbial pandora's box of discovery related to experts on both sides, which, in turn, could further delay the trial date. Deadlines are set to maintain efficiency, and this court will follow them absent a showing of good cause. Based on the record before the Court, there is no good cause for the delayed request. Therefore, the defendants' motion for a protective order precluding future public records requests regarding Dr. Flynn is granted, and the Heinrichs are precluded from using any responsive documents from the CORA request at trial.

However, I decline to issue a blanket a protective order precluding public requests in general. Such broad requests relieve the moving party of demonstrating good cause. Stated otherwise, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus.*, 966 F.2d at 476 (quoting *Cipollone*, 785 F.2d at 1121).

### III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that defendant's second motion for a protective order **[ECF No. 192]** is **GRANTED IN PART and DENIED IN PART** as set forth in this order.

DATED: December 2, 2022

_____
Cristina D. Silva
United States District Judge