UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Barbara Heinrich and Gregory Heinrich,

    Plaintiffs

 v.

Ethicon, Inc.; Johnson & Johnson,

    Defendants

Case No. 2:20-cv-00166-CDS-VCF

**Order Regarding Jury Instructions**

  This is a products-liability action. The upcoming trial has been bifurcated to first have a jury decide the statute-of-limitations issue; liability will be determined in a second trial at a later date, if necessary. The first part of the bifurcated trial will begin on February 13, 2023. Each party filed their proposed jury instructions on February 2, 2023. ECF Nos. 209, 211, 212, 213. Two jury instruction issues have arisen.

  First, the parties disagree on the form and delivery of Rule 2.4 (depositions in lieu of live testimony). I will follow the 2017 model rule regarding depositions. As recommended in the Rule's comment, I will give the instruction before the first deposition is read. *See* comment, 2017 Rule 2.4 Ninth Circuit Civil Jury Instructions ("The Committee recommends that it be given immediately before a deposition is to be read. It need not be repeated if more than one deposition is read.").[1]

---

[1] If any deposition-related issues arise during the course of the trial, either party may lodge an objection, and it will be addressed accordingly.

      Second, the parties disagree about how the statute-of-limitations jury instruction—namely regarding the "discovery rule," or "accrual"—should read. Plaintiffs propose the following instruction:

> In the context of a surgical procedure, the discovery of facts constituting a product liability claim must be both of the damage suffered and the realization that the cause was a defect in a product. A bad outcome or serious post-surgical complications does not necessarily require a finding that a plaintiff should have known that a product defect caused her damage.

ECF No. 209 at 7. Defendants object to the instruction insofar as it states that "plaintiff should have known that a product defect caused her damage," arguing that the following is the correct standard: "the claim accrued when Barbara Heinrich knew or should have known facts connecting her injury to the product (the TVT-Secur)." ECF No. 214 at 3 (citing *Heinrich*, 2021 WL 2801961, at *1; (citing *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997) (in a tort action, the limitations period does not commence "until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury.")). Defendants further argue that this instruction includes "inquiry notice" because it "constitutes another way for [plaintiffs'] claims to accrue under the discovery rule." ECF No. 214 at 3–4.

      It is well established that a "cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (1990). "Statutes of limitation . . . do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs.*, 934 P.2d at 233 (citing *Nev. State Bank v. Jamison P'ship*, 801 P.2d 1377, 1382 (Nev. 1990)); *Petersen*, 792 P.2d at 20 (same). Nevada's discovery rule tolls the statutory period of limitations "until the injured party *discovers or reasonably should have discovered* facts supporting a cause of action." *Id.* (emphasis added). Thus, "a plaintiff must use due diligence in determining the existence of a cause of action." *Bemis v. Estate of Bemis*, 967 P.2d 437, 440 (Nev. 1998) (citing *Sierra Pacific Power Co. v. Nye*, 389 P.2d 387 (Nev. 1964)) (determining when the statute of limitations ran by applying the inquiry-notice standard).

1        In *Winn v. Sunrise Hosp. & Med. Ctr.*, the Nevada Supreme Court determined that "inquiry notice" occurs when a plaintiff "should have known of facts that 'would lead an ordinarily prudent person to investigate the matter further.'" *Winn v. Sunrise Hosp. & Med. Ctr.*, 277 P.3d 458, 462 (Nev. 2012) (quoting *Black's Law Dictionary* 1165 (9th ed. 2009)). In the *Winn* decision, the Nevada Supreme Court also held that factual knowledge "need not pertain to precise legal theories the plaintiff may ultimately pursue, but merely to the plaintiff's general belief that someone's negligence may have caused his or her injury." *Id.*

         Nevada's 2018 Pattern Civil Jury Instructions on causation reads as follows: "A legal cause of injury, damage, loss[,] or harm is a cause which is a substantial factor in bringing about the injury, damage, loss[,] or harm. Evidence of an unexpected, dangerous malfunction gives rise to an inference of a manufacturing defect. Therefore, the malfunctioning of a product is circumstantial evidence of a defective condition in spite of the lack of evidence of any specific defect in the product." Nev. Pattern. Civ. Jury Inst. 7.10 (2018). The *source/authority* for that instruction explains that the "purpose behind allowing circumstantial evidence to support the existence of a defective condition is that it is too burdensome to require a plaintiff to prove the precise, technological reason for why a product does not work, specifically in cases involving electronic and mechanical equipment." *Nev. Contract Servs., Inc. v. Squirrel Cos., Inc.*, 68 P.3d 896, 899 (Nev. 2003) (breach-of-warranty issue). It also cites to *Stackiewicz v. Nissan Motor Corp. in U.S.A.*, 686 P.2d 925, 929 (1984), a defective product case, in which the Nevada Supreme Court held that requiring a plaintiff to prove the specific cause of a product defect or to negate alternative causes in order to establish that a product is defective is far too restrictive. Thus, under Nevada law, a plaintiff need not know the specific cause of a product defect to establish defectiveness.

         Applying that reasoning, plaintiffs' proposed instruction is contrary to Nevada law. Plaintiffs want to instruct the jury that the discovery period began when Barbara Heinrich learned that it was, in fact, the TVT-Secur that caused her injury. But that is far too specific. Nevada's requirement is only that a plaintiff have evidence of the existence of a defective

3

condition to bring a claim, **or** that the plaintiff bring a claim when she *discovers or reasonably should have discovered* facts supporting a cause of action. *G & H Assocs.*, 934 P.2d at 233.

Accordingly, I anticipate giving the following instructions:

> *A plaintiff "discovers" her injury when she possesses facts that would lead an ordinarily prudent person to know what caused her injuries, or to have investigated—using reasonable diligence—what caused her injury.*
>
> *As the trier of fact, you must determine, by a preponderance of the evidence, if the plaintiff discovered or should have discovered her claims more than two years before July 8, 2013.*

The remaining jury instructions will be resolved at the charge conference at the conclusion of the presentation of evidence.

SO ORDERED.

DATED: February 9, 2023

_____
Cristina D. Silva
United States District Judge

4