UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Barbara Heinrich and Gregory Heinrich,<br><br>Plaintiffs<br><br>v.<br><br>Ethicon, Inc., and Johnson & Johnson,<br><br>Defendants | Case No. 2:20-cv-00166-CDS-VCF<br><br>**Order Granting Motion to Lift Stay for Limited Purpose and Granting Request to Set Mediation**<br><br>[ECF Nos. 254, 255] |

  At a status conference on April 27, 2023, I stayed this case, pending mediation. ECF No. 251. At that hearing, the parties represented that they had contacted the magistrate judge to arrange a time for settlement negotiations. *Id.* The defendants then moved for reconsideration of my order denying their renewed motion for judgment as a matter of law. ECF No. 252. I denied that request in part and granted it in part, clarifying my finding that the discovery rule does apply to causes of action governed by Nevada Revised Statutes (NRS) § 11.190(4)(e). ECF No. 253. The defendants now move to lift the stay of this case for the limited purpose of filing a motion to certify to the Nevada Supreme Court a question of law related to NRS § 11.190(4)(e). ECF No. 254. The defendants also filed a stipulation—signed by counsel for all parties—representing that they "stipulate to attend a settlement mediation before Magistrate Judge Elayna J. Youchah." ECF No. 255. They request that the mediation be set for September 27, 2023. *Id.*

  Under Nevada Rule of Appellate Procedure 5(a), the Nevada Supreme Court "may answer questions of law certified to it by" a United States district court if questions of state law arise under "which it appears to the certifying court [that] there is no controlling precedent" in the decisions of Nevada's appellate courts. Nev. R. App. P. 5(a). The United States Supreme

Court recognizes that whether to certify a question to a state's supreme court "rests in the sound discretion of the federal court." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). It also acknowledges that the "certification of novel or unsettled questions of state law for authoritative answers by a [s]tate's highest court . . . may save 'time, energy, and resources and hel[p] build a cooperative judicial federalism.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 77 (1997) (quoting *Schein*, 416 U.S. at 391). But "[w]hen a party requests certification for the first time after losing on the issue, that party must show 'particularly compelling reasons' for certifying the question." *Carolina Cas. Ins. Co. v. McGhan*, 572 F. Supp. 2d 1222, 1226 (D. Nev. 2008) (quoting *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)).

The defendants do not yet move for the certification of a question of law to the Nevada Supreme Court. I emphasize that my decision about whether to grant their request to lift the stay for that limited purpose is not a decision on the merits of the certification issue itself. The defendants will need, as they indicated, to file a motion to certify a question, in compliance with the case law described above and any other relevant legal authority. But as for the threshold issue of whether the stay may be lifted for the limited purpose of seeking to certify a question to the Nevada Supreme Court, I grant that request, subject to one condition. The parties stipulate to attend a settlement mediation conference with Magistrate Judge Youchah on September 27, 2023. ECF No. 255. For judicial efficiency and in the interest of justice, that mediation should continue as planned, regardless of the certified-question issue. I defer to the magistrate judge and her schedule to determine whether September 27, 2023, is an amenable date for the settlement to begin. But regardless of when the mediation occurs, the defendants' request to lift the stay of the case for the limited purpose of seeking certification of a question of law is granted, as long as the parties proceed with their settlement conference on September 27, 2023, or whenever is most convenient for the magistrate judge.

Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to lift the stay of the case for a limited purpose **[ECF No. 254] is GRANTED**. This case will remain STAYED except to allow the defendants to file a motion seeking to certify a question of law to the Nevada Supreme Court.

IT IS FURTHER ORDERED that the parties' stipulation as to mediation **[ECF No. 255] is GRANTED**. The case is REFERRED to the magistrate judge to schedule mediation on September 27, 2023, as the parties request, or at another mutually agreeable time.

IT IS FURTHER ORDERED that the defendants must file their motion to certify by **June 16, 2023**.

DATED: May 15, 2023

_____
Cristina D. Silva
United States District Judge