# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Barbara Heinrich and Gregory Heinrich, <br><br> Plaintiffs <br><br> v. <br><br> Ethicon, Inc., and Johnson & Johnson, <br><br> Defendants | Case No. 2:20-cv-00166-CDS-VCF <br><br> **Order Granting Motion to Continue Deadline for Motion to Certify Question to Nevada Supreme Court** <br><br> [ECF No. 259] |

  Defendants Johnson & Johnson and Ethicon, Inc. move to continue their deadline to file a motion to certify a question to the Nevada Supreme Court regarding the application of the discovery rule to claims governed by Nevada Revised Statutes (NRS) § 11.190(4)(e). ECF No. 259. In May, I granted the defendants' motion to lift the stay of the case for that limited purpose and allowed them until June 15, 2023, to file a motion seeking to certify a question to the Nevada Supreme Court. ECF No. 256. On June 5, the defendants filed their pending motion, arguing that another case, *Adkins v. Union Pacific Railroad Co.*, is pending before the Nevada Supreme Court and presents the same question. ECF No. 259 (citing No. 85569, 2023 WL 3100605). They therefore conclude that *Adkins* renders moot their need to certify the question to Nevada's highest court. *Id.* And they seek to continue their deadline to file a motion to certify until the *Adkins* matter is dismissed or decided. *Id.* at 5.

  The plaintiffs oppose the defendants' motion. ECF No. 260. They urge that the defendants have waived the discovery-rule issue and that delay of my decision about certification could affect the parties' upcoming mediation scheduled in September. *Id.* Alternatively, they request that if I am inclined to certify the question, I should do so now so that this case could be considered simultaneously with the *Adkins* appeal. ECF No. 260. The defendants reply that *Adkins*' current procedural posture is different than that in this case, so the

two cases would likely not be decided simultaneously, and they affirm that they will "participate fully and in good faith at the mediation in September." ECF No. 261.

According to the appellants' opening brief in *Adkins*, it is a toxic-tort case brought by 147 plaintiffs who were exposed to various toxic chemicals while working at the Clark County Government Center in the mid-1990s. ECF No. 259-2 at 6. The district court granted the defendants' motion to dismiss the plaintiffs' claims, declining to apply the discovery rule—which would extend the two-year statute of limitations until when the plaintiffs discovered that their injuries were attributable to the chemicals—and finding that all claims were time-barred under NRS § 11.190(4)(e). ECF No. 259-1. The *Adkins* plaintiffs appealed to the Nevada Supreme Court, presenting two issues: whether the district court erred in (1) ruling that the two-year statute of limitations began to run in 1995 when the plaintiffs were exposed to the chemicals and (2) in not applying the discovery rule or equitable tolling to extend the two-year statute of limitations because the plaintiffs were unable to know that their injuries were caused by the chemical exposure. ECF No. 259-2 at 6. The heart of the appeal involves statutory interpretation of the exact provision—NRS § 11.190(4)(e)—to which the defendants urge the discovery rule should not apply. Although the instant case involves the implantation of a medical device into Mrs. Heinrich's body and not her exposure to toxic chemicals, similarities otherwise exist between the cases. Significant time elapsed between when the injury occurred and when she discovered that the injury was attributable to the implanted product. I find that the issues on appeal in *Adkins* are similar enough to those in this case to render that appeal and a potential certification to the Nevada Supreme Court duplicative. If the *Adkins* case is dismissed or the Nevada Supreme Court declines to substantively address the statutory question at issue, the defendants have leave to file a motion to certify, which I will consider at that juncture. But for now, I grant the defendants' motion to continue their deadline until the *Adkins* case is either dismissed or decided. This case will remain stayed, and the parties' upcoming mediation will

continue as scheduled, under the assumption – and representation – that all parties will fully participate in the negotiations in good faith.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to continue [ECF No. 259] is GRANTED. This case remains STAYED, except for the limited purpose of allowing the defendants to file a motion to certify a question to the Nevada Supreme Court if *Adkins* is dismissed or decided without addressing the statutory question at issue here. This is not an indication that I will grant the motion to certify, but the defendants would be permitted to file it if the relevant question is not decided in *Adkins*. The parties' mediation, scheduled for September 27, 2023, will proceed as planned.

DATED: July 12, 2023

_____
Cristina D. Silva
United States District Judge