UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Barbara Heinrich and Gregory Heinrich, | Case No. 2:20-cv-00166-CDS-MDC |
| Plaintiffs | **Order Rejecting Proposed Joint Pretrial Order** |
| v. | |
| Ethicon, Inc., Johnson & Johnson, | [ECF No. 281] |
| Defendants | |

On March 17, 2025, the parties submitted a proposed joint pretrial order (JPTO) pursuant to Local Rule 16-3. JPTO, ECF No. 281. Upon review, the proposed order fails to comply with Local Rules 16-3 and 16-4 for several reasons and is therefore rejected.

First, it is clear plaintiffs have not meaningfully complied with Local Rule 16-3(b) to prepare for trial, nor are plaintiffs demonstrating they are, in fact, committed to "streamlin[ing] the trial." For example, plaintiffs list over seventy-seven hours of affirmative deposition designations in the proposed JPTO. Focusing on the deposition transcription, if the court accepted each designation, it would require listening to depositions for twenty-four hours per day, for 3.2 days straight. This is wholly unrealistic, especially given plaintiffs claim that they only need fourteen full trial days to present their case, which includes those deposition designations, 3,000 exhibits, and eighty-three witnesses. More thought and effort is required.

Moreover, both parties' statements submitted in Section IV, which sets forth the issues of law to be resolved, make arguments regarding several issues that must be determined *before* trial. Thus, much of this section falls outside the scope of the JPTO and should be the subject of motions practice. Such topics include, but are not limited to: issue preclusion, whether New Jersey law will be applied to plaintiffs' request for punitive damages, challenging expert opinions, whether plaintiffs are attempting to utilize testimony on subject matters previously

excluded via in limine rulings and orders resolving Federal Rule of Evidence 702 motions, and whether plaintiffs violated a stipulated protective order.

With all these outstanding issues, the parties' proposed trial date of August 25, 2025, is also unrealistic. Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement. The failure to comply with those rules prevents full participation in settlement discussions and deprives the other side the ability to efficiently and effectively prepare for trial. Thus, the proposed joint pretrial order violates Local Rule 16-3.

## Conclusion

IT IS HEREBY ORDERED that the proposed joint pretrial order **[ECF No. 281]** is **REJECTED**. The parties must meet and confer as required in Local Rule 16-3 and submit a revised, second proposed joint pretrial order that complies with Local Rules 16-3 and 16-4 by June 20, 2025. The revised, proposed JTPO must include *three* agreed-upon trial dates[1] that will provide the court sufficient time to resolve pretrial issues.

Dated: May 19, 2025

_____
Cristina D. Silva
United States District Judge

---

[1] Local Rule 16-4, Section IX.