UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA HEINRICH and GREGORY HEINRICH,<br><br>Plaintiffs,<br><br>vs.<br><br><br>ETHICON, INC.; ETHICON LLC; and JOHNSON & JOHNSON,<br><br>Defendants. | Case No.: 2:20-cv-00166-CDS-MDC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS [ECF No. 284]** |

Pending before the Court is defendants' *Motion for Sanctions* ("Motion") (ECF No. 284-filed under seal) (ECF No. 285-publicly filed). The Court has also considered the parties' supplemental briefs (ECF Nos. 313 and 314). For the reasons below, the Court GRANTS the Motion. Pursuant to Fed. R. Civ. P. 37(b), the plaintiffs are sanctioned as follows: (1) plaintiffs shall pay defendants their reasonable attorneys' fees and costs as ordered below; (2) plaintiffs are precluded from using in this action the testimony of Dr. Geoffrey Hsieh obtained in the September 2024 state action deposition as ordered below; and (3) plaintiffs are prohibited from using in any other action, including their state action against Dr. Hsieh, certain documents ordered below.

**DISCUSSION**

**I.   FACTS**

   **A.   Introduction**

This action was originally filed in 2013 and is part of host of cases filed over a decade ago concerning the use of transvaginal surgical mesh product, TVT-SECUR ("TVT-S"), to treat stress urinary incontinence. The TVT-S mesh product was designed and manufactured by defendants Johnson & Johnson ("J&J") and Ethicon, Inc. ("Ethicon"). Plaintiff Barbara Heinrich alleges that she suffered

1

injuries after having the TVT-S mesh product implanted at the direction of her doctor, Geoffrey Hsieh ("Dr. Hsieh"). *ECF No. 90*; *see ECF No. 284*. The TVT-S was designed and manufactured by defendants Johnson & Johnson and Ethicon, Inc. *ECF No. 90*. Ms. Heinrich's husband, co-plaintiff, Gregory Heinrich, asserts a claim for loss of consortium. *Id.*

After its inception, this action became part of the multidistrict litigation assigned to the United States District Court for the Southern District of West Virginia[1] ("MDL") where the related matters were consolidated for discovery and other pretrial proceedings. As part of the MDL, this action became subject to numerous pre-trial and discovery orders entered in the MDL, some of which are at issue by defendants Motion. This action was remanded to this Court after the consolidated discovery proceedings largely concluded. After remand, the parties sought additional discovery including plaintiffs' June 2020 request to take a supplemental deposition of Dr. Hsieh (*ECF No. 91*). On June 22, 2020, the Court entered an order denying plaintiffs' request to take a supplemental deposition of Dr. Hsieh, among other things. *ECF No. 92*.

On April 16, 2021, plaintiffs filed a collateral lawsuit in Nevada state court against Dr. Hsieh and his medical practice asserting breach of fiduciary duty and fraud based on his prescription and implantation of TVT-S mesh product on Ms. Heinrich. *ECF No. 285-2*. Nothing much occurred in that state action against Dr. Hsieh for some time. In the interim, this action was ultimately bifurcated and the issue whether plaintiffs' claims were barred by the applicable statute of limitations was tried in 2023 ("SOL 2023 Trial"). On February 21, 2023, a jury returned a verdict in plaintiffs' favor and finding that plaintiffs' claims were not barred. *ECF No. 243*. Several post-trial proceedings and an unsuccessful mediation ensued. Plaintiffs' state court case against Dr. Hsieh also activated and plaintiffs took Dr. Hsieh's deposition in that action on September 23, 2024 – which precipitated defendants' Motion.

---

[1] *In Re Ethicon Pelvic Repair System Products Liability Litigation*, MDL No. 2327.

1    In their Motion, defendants assert that plaintiffs violated a July 30, 2012, MDL *Pretrial Order #11* ("PTO #11") by improperly disclosing a certain 233 documents in connection with their deposition of Dr. Hsieh which were protected by PTO #11 as "confidential" and "highly confidential." *ECF No. 285*. Defendants identified these documents in a spreadsheet attached as Exhibit 11 to their Motion ("Motion-Exhibit 11"). *ECF No. 285-11*. Plaintiffs deny violating PTO #11 and claim that defendants waived confidentiality for many of the documents in Exhibit 11 and that other documents had otherwise lost confidential protection under the PTO #11 because they had been publicly disclosed, either in other trials, depositions or elsewhere. *ECF No. 287*.

**B.    Relevant Proceedings**

The Court heard defendants' Motion on August 11, 2025, and directed the plaintiffs to identify all documents from Motion-Exhibit 11 they claim are not subject to PTO #11. *See 08/11/25 Minute Order* (*ECF No. 307*). The Court specifically ordered plaintiffs to file a limited supplemental brief that shows which documents from Motion-Exhibit 11 were previously disclosed, may have become de-designated not confidential, or otherwise become part of the public forum prior to plaintiffs' September 23, 2024, deposition of Dr Hsieh in the state action. *See id.* The Court specifically directed plaintiffs that such supplement should only identify the requested documents. *ECF No. 310* at 43-44. The Court further advised plaintiffs not include additional argument or file any documents with their supplement. *Id.*

While plaintiffs' September 11, 2025, supplement (ECF No. 313) identifies some documents from Motion-Exhibit 11 they claim are not subject to PTO #11, plaintiffs did not follow the Court's directives. First, plaintiffs improperly included additional argument. Second, plaintiffs attached five thousand, eight hundred and ninety pages (5,890) pages of exhibits to their supplement, which they ask the Court to sift through to try to determine whether documents from Motion-Exhibit 11 may have been publicly disclosed.

## II. PLAINTIFFS' NONCOMPLIANT AND BURDENSOME SUPPLEMENT

Plaintiffs' submission of over five thousand pages of documents in connection with their supplement (ECF Nos. 313-2 through 313-37) violated the Court's directives (ECF Nos. 307, 310) and is excessive and unreasonable. Such voluminous documents consist primarily of filings and exhibits from other cases, which the plaintiffs attempt to shift their obligation and instead ask the Court to review and determine whether any of the documents in Motion-Exhibit 11 may been de-designated confidential or publicly disclosed. *See ECF No. 313*. Such task is unreasonable and the Court declines to engage in such labor. "[J]udges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits." *U.S. Commodity Futures Trading Comm'n v. Banc de Binary, Ltd.*, No. 2:13-CV-992-MMD-VCF, 2015 WL 556441, at *4 (D. Nev. Feb. 11, 2015) (quoting *Nw. Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662-63 (7th Cir.1994)). "With all due respect, judges are not like pigs, hunting for truffles buried in briefs and it is not the responsibility of the judiciary to sift through scattered papers....." *Agarwal v. Or. Mut. Ins. Co.*, No. 2:11-cv-01384-LDG-CWH, 2013 WL 211093, at *3 (D. Nev. January 18, 2013) (quoting *Greenly v. Sara Lee Corp.*, No. CIV. S–06–1775 WBS EFB, 2008 WL 1925230 (E.D. Cal. April 30, 2008)). "Given our adversary system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Doherty v. City of Chicago,* 75 F.3d 318, 324 (7th Cir. 1996) (citations omitted) (internal quotation mark(s) omitted).

Courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Such inherent authority includes the power to strike documents from the docket. *See Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (the district court has inherent authority to strike improper filings); *Washington v. Ivany*, No. 2:22-CV-01450-CDS-VCF, 2023 U.S. Dist. LEXIS 101564, at *2 (D. Nev. June 7, 2023) (same). Accordingly, the Court strikes documents at ECF No. 313-2 through 313-37 because they are

non-responsive, excessive, and unreasonable.  The Court declines to strike the supplement at ECF No. 313 and the attached spreadsheet at ECF No. 313-1, which appears to be the only document that is responsive to the Court's directive and attempts to show what documents at issue by Motion-Exhibit 11 have been previously disclosed.

### III.     PLAINTIFFS' EXTENT OF CULPABILITY UNDER RULE 37

Defendants seek sanctions under Fed. R. Civ. P. 37(b)(2) for plaintiff's disclosure of confidential documents in violation of PTO #11.  The party seeking sanctions per Rule 37(b) bears the initial burden of demonstrating non-compliance with a pre-trial order by a preponderance of the evidence.  *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 119 (S.D.N.Y. 2018) ("The party seeking sanctions bears the initial burden of demonstrating non-compliance with a Court Order."); *Chu v. UNUM Life Ins. Co. of Am.,* No. 8:24-CV-00445-JVS (JDEx), 2025 WL 1090324, at *4 (C.D. Cal. Feb. 28, 2025) (reconsideration denied, No. 8:24-CV-00445-JVS (JDEx), 2025 WL 2014203 (C.D. Cal. Apr. 21, 2025) (party seeking sanctions under Rule 37(b) has initial burden to show violation of court order)); *OmniGen Rsch., LLC v. Wang,* No. 6:16-CV-268-MC, 2018 WL 11512767, at *3 (D. Or. Nov. 6, 2018) ("The burden of proof under Rule 16(f) and Rule 37(b)(2), both of which encompass protective orders, is a preponderance of evidence…."); *Hunt v. Assa Abloy Entrance Sys. US, Inc*., No. 2:24-cv-01980-GMN-EJY, 2025 WL 2484182, at *2 (D. Nev. Aug. 28, 2025) (the parties seeking spoliation sanctions under Rule 37 has burden of proving "'by a preponderance of the evidence that the accused party actually destroyed, altered, or failed to preserve relevant evidence.'").  "The party facing sanctions under Rule 37 bears the burden of showing substantial justification or harmlessness." *Glaster v. Dollar Tree Stores, Inc.,* No. 2:15-CV-252-MMD-VCF, 2015 WL 4928133, at *2 (D. Nev. Aug. 18, 2015).

//

//

//

5

A.     **Relevant Portions of PTO #11**

PTO #11 is applicable to this action. In relevant part, Paragraphs I and II of PTO #11 provide:

> "Upon entry of this PTO # 11, the Protective Order will apply to all actions that are or become a part of MDL 2327…. This Order shall govern all cases directly filed in this district that are included in MDL 2327, as well as all cases transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") and any tag-along cases transferred to this Court by the JPML."

*ECF No. 285-1* ¶¶ I and II.A.

PTO #11 limits confidential or highly confidential material only for use in MDL actions. Paragraph II.B.6 of the order provides:

> <u>Use of Confidential Material Limited to this Action</u>: Any document or other material which is marked **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL-P**, or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Order shall prevent the use of any document or the contents thereof, at any deposition taken in this action. If a party intends to use material that has been marked as **HIGHLY CONFIDENTIAL-P** at the deposition of an employee or former employee of a non-producing party in this litigation, then the party shall notify the producing party ten (10) days in Case 2:20-cv-00166-CDS-MDC Document 285-1 Filed 03/17/25 Page 5 of 165 advance of the deposition that it intends to use that category of material. If the parties cannot agree on parameters for usage of the material at the deposition, then the parties will seek the direction of the Court as to the utilization of that category of material in the deposition.

*Id.* ¶ II.B.6

Paragraph II.B.10 again directs the parties to provide advance notice when using confidential or highly confidential materials in depositions:

> Use of Confidential Material at Depositions: All transcripts and exhibits shall be treated as if designated **CONFIDENTIAL** for a period of thirty (30) days after the transcript is available from the court reporter. Counsel for any party may designate during the deposition or during the thirty day period after the transcript is available from the court reporter any portion of the transcript as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL-**

> **P** by denominating by page and line, and by designating any exhibits, that are to be considered **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL-P** pursuant to the criteria set forth in this Order. Such designation shall be communicated to all parties. Transcript portions and exhibits designated in accordance with this paragraph shall be disclosed only in accordance with this Order. A party may challenge the **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL-P** designation or portions thereof in accordance with the provisions of Paragraph II.B.4 above.

*Id.* ¶ II.B.10.

Regarding trial, PTO #11 burdens the designating party to move to seal and show that confidential materials should be withheld from the public record after receiving notice that adverse party intends to use such materials at trial. Paragraph II.C.1 states:

> If any party or attorney wishes to file, or use as an exhibit or as testimonial evidence at a hearing or trial, any **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL-P** material, such party must provide reasonable notice to the producing party of the intended use of such information, The parties shall then attempt to resolve the matter of continued confidentiality by either (a) removing the **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL-P** marking, (b) creating a mutually acceptable redacted version that suffices for purposes of the case, or (c) conferring about methods to avoid or limit public disclosure of such information during testimony. If an amicable resolution proves unsuccessful, the parties may present the issue to the Court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12, and (c) controlling precedent. *See, e.g., Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986); *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004)

*Id.* ¶ II.C.1. The requirement for a motion is manifested by the directives to follow Local Rule of Civil Procedure 26.4 and Section 12 Administrative Procedures for Electronic Filing for the U.S. District Court for the Southern District of West Virginia. West Virginia Local Rule 26.4(c) requires a party to file a motion to seal to prevent public disclosure. *Id.* Similarly, Section 12.6.1 of the West Virginia's Administrative Procedures for Electronic Filing also require a motion to seal a document. *Id.*

This is consistent with Ninth Circuit law. The Ninth Circuit has emphasized a strong presumption in favor of access to court records and documents. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This general right to public documents, however, is not absolute. A court may withhold materials from the public record if the proponent of confidentiality presents "compelling reasons" to seal such material. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

### B. Plaintiffs Did Not Violate PTO #11 With Respect To Documents Previously Disclosed As Intended Exhibits In the Statute Of Limitations Trial Here

In their supplement (ECF No. 313) and supplemental spreadsheet (ECF No. 313-1), plaintiffs identify that 203 of the 233 documents in Motion-Exhibit 11 were previously disclosed as intended trial exhibits in this action on September 16, 2021 (ECF No. 169-1) ("ECF No. 169 Documents"), prior to Dr. Hsieh's state court action deposition in September 2024. *See ECF No. 313, 313-1*. Plaintiffs specifically identify these ECF No. 169 Documents in the third column of their supplemental spreadsheet (ECF No. 313-1) and are numbered 1-4, 9-11, 16-22, 25-45, 48-69, 73-82, 84-87, 90-94, 96-101, 103-110, 112-119, 121-141, 143-152, 154-189, 191-196, 198-210, 212-225, 228-232 in the first column. Defendants do not dispute that plaintiffs identified the ECF No. 169 Documents as intended exhibits at the statute of limitations trial in this action. Instead, defendants argue that plaintiffs' inclusion of such documents in their intended trial exhibit list does not strip the documents of protection under PTO #11 because some of them were not ultimately admitted into evidence. *See e.g.*, *ECF No. 314* at 6-7.

The Court disagrees with defendants. Once plaintiffs notified defendants (ECF No. 169-1) that they intended to use confidential documents for the statute of limitations trial, PTO #11 placed the burden on defendants to take action to maintain confidentiality. As noted above, PTO #11 requires the proponent of confidentiality to file a motion to seal and such proponent "will have the burden of persuasion that the document or material should be withheld from the public record" after an adverse

party "provide[s] reasonable notice to the producing party of the intended use of" confidential information "as an exhibit or as testimonial evidence at a hearing or trial." *ECF No. 285-1* ¶ II.C.1. PTO #11 expressly triggered defendants' burden upon plaintiffs' notice (ECF No. 169-1) that they intended to use confidential documents at the statute of limitations trial. PTO #11 does not require the confidentially-marked exhibits to be actually introduced, or moved for introduction, at a trial to activate defendants' obligation and burden. Thus, for various, alternative grounds, plaintiffs did not violate PTO #11 by using any of ECF No. 169 Documents in connection with their state court deposition of Dr. Hsieh.

Defendants did not move for continued confidentiality protection of the ECF No. 169 Documents after plaintiffs disclosed those documents as intended statute of limitations trial exhibits, as required by PTO #11. *See Glaster*, 2015 WL 4928133, at *2. Thus, defendants waived confidentiality as to the ECF No. 169 Documents by failing to move for continued protection once they were on notice that plaintiffs intended to use them at the statute of limitation trial, as required by PTO #11. *See e.g., U.S. v. De La Jara,* 973 F.2d 746, 750 (9th Cir. 1992) (finding waiver when party failed to protect and preserve confidentiality of privileged information); *U.S. v. SDI Future Health, Inc.,* 464 F.Supp.2d 1027, 1046 (D. Nev. 2006) (failure to seek protection waived privilege protection of information). Next, having themselves failed to comply with PTO #11, defendants cannot in fairness or equity accuse plaintiffs of failing to do the same as grounds for sanctions. *See e.g.*, *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 814 (1945) (stating that "he who comes into equity must come with clean hands" (internal quotation marks omitted)).

Plaintiffs also did not violate PTO #11 by disclosing document marked No. 83 in their supplement spreadsheet at ECF No. 313-1 because defendants withdrew confidentiality for that document (*see ECF No. 314-1*).

//

### C. Plaintiffs Violated PTO #11 Because They Disclosed Other Documents Which They Failed To Establish Were Previously Disclosed Or Otherwise Stripped of Confidential Protection

Plaintiffs failed to sufficiently show in their supplement brief and spreadsheet (ECF Nos. 313, 313-1) that the remaining documents at issue by Motion-Exhibit 11 were publicly disclosed or otherwise stripped of protection by PTO #11 prior to their deposition of Dr. Hsieh is their state court action.

In their supplement brief (ECF No. 313) and supplemental spreadsheet (ECF No. 313-1), plaintiffs vaguely note that documents numbered 12, 13, 14, 15, 46, 47, 111, 120 and 211 were "public study"; "public patient consent form"; "public letter to patients"; or "public document… to all doctors." *ECF No. 313* at 15; *ECF No. 313-1*. Plaintiffs' vague notations do not meet their burden. They lack sufficient factual substance for the Court to determine whether such documents were actually disclosed or stripped of confidentiality.

Neither plaintiffs' supplement brief (ECF No. 313) nor supplemental spreadsheet (ECF No. 313-1) unequivocally address or identify the following twenty-six Motion-Exhibit 11 documents, which plaintiffs numbered 5, 6, 7, 8, 12, 13, 14, 15, 23, 24, 46, 70, 71, 72, 88, 89, 95, 102, 142, 190, 197, 211, 226, 227, and 233 in their supplement spreadsheet at ECF No. 313-1, as being previously publicly disclosed. Plaintiffs appear to suggest some of these documents were deposition exhibits in other cases (e.g., Nos. 8, 70, 71, 227, 233), but plaintiffs again fail to directly and unambiguous show those specific exhibits were publicly disclosed or stripped of confidentiality.

Plaintiffs argue that defendants waived confidentiality to deposition exhibits because they did not move to seal those exhibits pursuant to Paragraph II.B.10 of PTO #11. That paragraph, however, does not require defendant to move to seal confidential documents used in deposition. In relevant part, Paragraph II.B.10 of PTO #11 states, "Transcript portions and exhibits designated [confidential or highly confidential] in accordance with this paragraph shall be disclosed only in accordance with this Order." *ECF No. 285-1* ¶ II.B.10.

Plaintiffs also argue that defendants waived confidentiality over all the documents at issue because they failed to file consolidated motions to seal ordered by MDL Pre-Trial Order #280 (filed here at ECF No. 13) ("PTO #280").  That order, however, did not compel defendants to file a wholesale motion to seal for all documents disclosed in the MDL.  Instead, PTO #280 directed defendants to file consolidated motions to seal any exhibits in support of *Daubert* motions or dispositive motions before filing such motions.  *ECF No. 13* ¶ B.4.  More importantly, plaintiffs did not show whether any of the remaining Motion-Exhibit 11 documents at issue were exhibits in support of *Daubert,* dispositive, or other motions for which an antecedent motion to seal was required.

Finally, plaintiffs broadly claim that many documents were previously disclosed in the MDL and various state and foreign cases.  Plaintiffs, however, simply dump exhibits and exhibit lists from such cases, hearing transcripts, and state court orders and speculate that Motion-Exhibit 11 documents may have been disclosed or de-designated in such hodge podge.  Again, "[J]udges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits." *U.S. Commodity Futures Trading Comm'n*, 2015 WL 556441, at *4.

In conclusion, plaintiffs violated PTO #11 by disclosing the twenty-five documents identified above in the deposition of Dr. Hsieh in their separate state action against him.  Paragraph II.B.6 of PTO #11 clearly emphasizes that the "use of Confidential Material Limited to this Action" and that any confidential or highlight confidential document "may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action." *ECF No. 285-1* ¶ II.B.6.

        **i.**        **Plaintiffs' Violation of PTO #11 Was Not Substantially Justified**

As the parties facing sanctions under Rule 37, plaintiffs bear the burden of showing substantial justification.  *See Glaster,* 2015 WL 4928133, at *2.  Plaintiffs did not meet such burden.  The Court recognizes that this litigation, like the many others regarding defendants' TVT-S mesh product, involves

a considerable number of documents and information. Managing such voluminous information is challenging and may be overwhelming, particularly when some of that volume is designated confidential or otherwise restricted. While the universe of documents is expansive, plaintiffs could have handily avoided defendants' Motion and their violation of PTO #11 by giving defendants advance notice of Dr. Hsieh's state action deposition and their intention to use of certain confidentially marked documents as deposition exhibits.

    ii.  **The Circumstances of This Case, Prudence, and a Reasonably Broad Reading of PTO #11 Further Compelled Such Notice**

  In September 2024, when plaintiffs deposed Dr. Hsieh using defendants' confidential materials, they were unquestionably aware that Dr. Hsieh was a central figure to plaintiffs' claims in this case and of defendants' concerns and objections to plaintiffs' further deposing Dr. Hsieh. As noted above, plaintiff Barbara Heinrich was implanted with defendants' TVT-S mesh product at the direction of Dr. Hsieh. *ECF No. 90*; *see also ECF No. 284*. Plaintiffs initially deposed Dr. Hsieh in May 2018 in connection with the MDL litigation. *ECF No. 91*. In June 2020, after their case was remanded from the MDL to this Court and discovery generally closed, plaintiffs sought leave to further depose Dr. Hsieh. Defendants opposed plaintiffs' attempt to further depose Dr. Hsieh. *Id.* Plaintiffs argued that they did not get sufficient time to depose Dr. Hsieh in May 2018 and required additional deposition time "given the importance of Dr. Hsieh's testimony in this matter." *Id.* at 9:12-14. The Court denied plaintiffs request to further depose Dr. Hsieh. *ECF No. 92*.[2]

  As discussed above, the plaintiff subsequently filed the Nevada state action against Dr. Hsieh in April 2021 but did not depose him until September 2024, after obtaining a favorable judgment in the statute of limitation trial. When plaintiffs pursued Dr. Hsien's deposition in the state action, they manifestly understood that Dr. Hsieh was important to this case and that defendants objected to such

---

[2] Plaintiffs did not violate the Court's 06/22/2020 Order (ECF No. 92) because it did not prohibit plaintiffs from filing a separate action against Dr. Hsieh and taking his deposition in that action.

deposition. Additionally, the confidentiality issue regarding defendants' confidential documents that plaintiff intended to use as Dr. Hsieh deposition exhibits also had not been clearly resolved at that time, including that many such documents had not been disclosed in ECF No. 169. Notwithstanding the foregoing, there is no evidence that plaintiffs informed defendants of their intention to depose Dr. Hsieh in the state action using defendants' information designated confidential per PTO #11.

Putting aside that PTO #11 expressly prohibits using confidential documents outside of the MDL actions, PTO #11 includes directives to avoid inadvertent disclosures or violations of the order. For example, Paragraph II.B.6 of the PTO #11 provides that "[i]f a party intends to use material that has been marked as HIGHLY CONFIDENTIAL-P at the deposition of an employee or former employee of a non-producing party in this litigation, then the party shall notify the producing party ten (10) days in advance of the deposition…." *ECF No. 285-1* ¶ II.B.6. Similarly, Paragraph II.C.1 of PTO #11 provides that "[i]f any party or attorney wishes to… use as an exhibit or as testimonial evidence at a hearing or trial, any CONFIDENTIAL or HIGHLY CONFIDENTIAL-P material, such party must provide reasonable notice to the producing party of the intended use of such information…" *Id.* ¶ II.B.6. While not directly applicable, these provisions broadly suggest that advance notice should be given of intent to use confidential information as exhibits in non-party depositions or other circumstances where testimonial evidence will be elicited. Given the circumstances here, plaintiffs should have reasonably and prudently taken guidance from the PTO #11 and provided defendants advance notice of the confidentially marked documents they intended to use at Dr. Hsieh's deposition. Such notice would have given plaintiffs a safe harbor, protected defendants, and brought about the confidentiality issue for resolution before the proverbial horse was out of the barn.[3]

---

[3] Defendants appear to briefly suggest that plaintiffs' counsel may have violated Rule 4.4(a) of the Nevada Rules of Professional Conduct ("NRPC") because they used defendants' confidential documents without their knowledge or consent to obtain testimonial evidence from Dr. Hsieh in plaintiffs' state action against Dr. Hsieh. Rule 4.4(a) states, in relevant part that "a lawyer shall not…use methods of

**IV.    APPROPRIATE SANCTIONS FOR PLAINTIFFS' VIOLATION OF PTO #11**

The Court has "broad discretion to impose sanctions." *Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1397 (9th Cir. 1993). The Court may impose "any and all appropriate" sanctions under Local Rule IA 11-8. LR IA 11-8. The Court "has great latitude in imposing sanctions under Fed. R. Civ. P. 37," *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985), including the scope and extent of such sanctions, *Steelman Partners v. Sanya Gaosheng Inv. Co., Ltd.*, No. 09-CV-01016-GMN-GWF, 2016 WL 8711691, at *2 (D. Nev. Oct. 28, 2016). "Willfulness, bad faith, or fraud are not prerequisites to the imposition of sanctions under Rule 37(b); a party's culpability is relevant only in determining which sanctions are appropriate, not whether sanctions should be imposed." *Rio Props., Inc. v. Stewart Annoyances, Ltd.,* No. CV S 01 0459 LRH PAL, 2005 WL 3846234, at *7 (D. Nev. Oct. 7, 2005).[4]

Considering the relevant circumstances and the parties' arguments, the following sanctions are appropriate:

<u>First</u>, plaintiffs are prohibited from using the state action deposition of Dr. Hsieh in this action for any purpose.

<u>Second</u>, plaintiffs are prohibited from using in any other action, including their state action against Dr. Hsieh, the following documents identified in their supplemental spreadsheet at ECF No. 313-1: documents numbered 5, 6, 7, 8, 12, 13, 14, 15, 23, 24, 46, 70, 71, 72, 88, 89, 95, 102, 142, 190, 197, 211, 226, 227, or 233.

<u>Finally</u>, defendants are awarded a limited amount of expenses. Specifically, plaintiffs shall pay defendants their reasonable expenses, including attorneys' fees, in connection with their Motion and

---

obtaining evidence that violate the legal rights of such a person." NRPC 4.4(a). The Court makes no determination about this issue because it was not substantively developed or addressed by either party.
[4] Willfulness, bad faith, or fault are relevant only if a court imposes dispositive sanctions. *See Halaco Engineering Co. v. Costle,* 843 F.2d 376, 380 (9th Cir.1988) (sanction of default judgment requires finding of willfulness, bad faith, or fault by the offending party). The Court is not imposing dispositive or other similar severe sanctions here.

further limited by the fact that plaintiffs violated PTO #11 only with respect to the twenty-five documents identified in this order. The Court will allocate such award after considering plaintiffs' affidavit or declaration in support of such expenses, as requested below. The Court finds the circumstances here make a broader award of expenses, including attorneys' fees, unjust.

The Court exercises its discretion and denies the other sanctions requested by defendants or to additionally hold plaintiffs in contempt.

## V.  CONCLUSION & ORDER

For the foregoing reasons,

**IT IS ORDERED that:**

(1) Defendants' *Motion for Sanctions* ("Motion") (ECF No. 284-filed under seal) (ECF No. 285-publicly filed *Motion for Sanctions*) is **GRANTED**.

(2) Plaintiffs are prohibited from using in this action for any reason the September 23, 2024, deposition of Dr. Geoffrey Hsieh taken in the Eighth Judicial District Court Case No. A-21-833038-C, Clark County, Nevada ("state action").

(3) Plaintiffs are prohibited from using in any other action, including the state action against Dr. Hsieh, the following documents identified in their supplemental spreadsheet at ECF No. 313-1: documents numbered 5, 6, 7, 8, 12, 13, 14, 15, 23, 24, 46, 70, 71, 72, 88, 89, 95, 102, 142, 190, 197, 211, 226, 227, or 233.

(4) Plaintiffs shall pay defendants their reasonable expenses, including attorneys' fees, in connection with their Motion and further limited by the fact that plaintiffs violated PTO #11 only with respect to the documents identified in the preceding Paragraph 3.

**IT IS FURTHER ORDERED** that defendants shall file by **November 21, 2025**, an Affidavit or Declaration setting forth the requested fees and costs, and addressing the factors set forth in *CLM*

*Partners LLC v. Fiesta Palms, LLC*, No. 2:11-cv-01387-PMP-CWH, 2013 WL 6388760 (D. Nev. Dec. 5, 2013).  Plaintiffs may have until **December 8, 2025**, to file a response to defendants' fees declaration or affidavit.

**IT IS FURTHER ORDERED** that documents at ECF No. 313-2 through 313-37 shall be struck from the docket.

DATED: November 4, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

16