UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA HEINRICH and GREGORY HEINRICH, | Case No. 2:20-cv-00166-CDS-MDC |
| Plaintiffs, | |
| v. | ORDER AWARDING DEFENDANTS' REASONABLE ATTORNEY'S FEES AND COSTS |
| ETHICON, INC.; ETHICON, LLC; and JOHNSON & JOHNSON, | |
| Defendants. | |

On November 4, 2025, the Court entered an order (ECF No. 319) ("11/4/25 Order") granting defendants' *Motion for Sanctions* (ECF No. 285) ("motion for sanctions").  Among various sanctions imposed, plaintiffs were ordered to pay defendants their reasonable expenses, including attorneys' fees, in connection with their motion for sanctions, and further limited by the fact that plaintiffs violated Pretrial Order No. 11 ("PTO #11) issued in the prior Multidistrict Litigation proceedings only with respect to certain documents.  The Court has reviewed defendants' *Declaration of Counsel in Support of Defendants' Submission of Reasonable Attorneys' Fees and Cost* (ECF No. 321) ("Fees Declaration") and the plaintiffs' Response and objections (ECF No. 323).

Defendants request $73,255.20 in attorneys' fees and $4,028.55 in costs.  *ECF No. 321* at ¶38. Defendants' counsel state they have expended 140.00 attorney hours relative to defendants' motion for sanctions provided by four different lawyers: Anita Modak-Truran, Jin Yoshikawa, Susanna M. Moldoveanu, and Kim Bueno. *See ECF No. 321 at ¶26.*  Defendants attached to their Fees Declaration copies of receipts for requested costs and of their attorneys' billing records (ECF Nos. 321-5 to 321-8) (the billing records reflect 140.10 hours but counsel's Declaration only seeks payment for 140).  The

attorney billing records provide a reasonable itemization and description of the work performed, including dates and time billed.

## I.    Applicable Factors For Consideration

In determining defendants' reasonable fees and costs, the Court considered among the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In most cases, the lodestar figure is a presumptively reasonable fee award.

*CLM Partners LLC v. Fiesta Palms, LLC,* No. 2:11-cv-01387-PMP-CWH, 2013 WL 6388760, at *1 (D. Nev. December 5, 2013); *see also* LR 54-14.

The Court also considered that defendants were only entitled to reasonable attorneys' fees and costs relative to plaintiffs' violation of PTO NO. 11 only with respect to certain documents.  *See ECF No. 319.*

## II.    Analysis And Discussion Of Factors Considered

The Court only considered the fees reported by attorneys Modak-Truran and Yoshikawa and not the fees reported by attorneys Moldoveanu and Bueno.  While defendants may agree to pay for multiple attorneys pursuing similar tasks, it would not be appropriate to impose those arrangements here as part

of the sanctions against plaintiffs.  *See e.g.*, *Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.*, 2:12-CV-00054-GMN, 2012 WL 2244262, at *10 (D. Nev. June 15, 2012). ("[W]hile the law firm and its client may agree to multiple attorneys working on a case, the court will not impose sanctions against Shenzhen for the entire amount.").  The Court also considered the experience, reputation, and abilities of attorneys Modak-Truran and Yoshikawa (ECF Nos. 321-1 and 321-2). The Court finds attorneys Modak-Truran and Yoshikawa possessed the requisite skill to perform the services at issue, tackle the intensive document management matters, and that that their respective hourly fees are reasonable.

Reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community" (*Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984)), which "consists of the forum in which the case is pending." *CLM Partners LLC*, 2013 WL 6388760, at *5 (*citing Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)).  Attorney Modak-Truran's hourly fee is $696.00.  Among other things, she has practiced law for 38 years and has extensive experience in complex litigation.  Courts in our district have previously found hourly rate between $600 and $750 reasonable for the Las Vegas legal community for attorneys with 25 years of experience or substantial expertise. *See Humphries v. Button,* No. 2:21-cv-01412-ART-EJY, 2025 WL 872613, at *2 (D. Nev. March 20, 2025).  Thus, the Court finds attorney Modak-Truran's $696.00 hourly fee to be reasonable.

Attorney Yoshikawa's hourly fee is $340.00.  He is an associate with 6 years of experience and various professional accolades.  Courts in this district have previously found that rates between $345 and $450 to be reasonable for associate attorneys with commensurate experience.  *See Humphries*, 2025 WL 872613, at *2 (approving a rate of $450 for an associate attorney with five years of experience); *Baluma S.A. v. Chow*, No. 2:20-cv-1752-KJD-EJY, 2023 WL 2844215, at * 2 (D. Nev. March 20, 2023) (approving a rate of $345 for an associate attorney with five years of experience).  Thus, the Court finds attorney Yoshikawa's $340.00 hourly fee to be reasonable.

As to the actual work performed, defendants' counsel state they have expended 140.00 attorney hours relative to defendants' motion for sanctions provided by four different lawyers and provide copies of billing records to support the time and provide reasonable summaries of services provided. *ECF Nos. 321-5*, *321-6*, *321-7*, *321-8*. The Court has broad discretion to in determining the reasonableness of hours claimed and to reduce the number of hours claimed. *CLM Partners LLC*, 2013 WL 6388760, at *6. Reductions are appropriate here.

First, the Court does not award defendants any fees for hours billed by attorneys Moldoveanu and Bueno for the reasons stated above. Second, the Court previously stated that defendants' fee award would be limited because the Court found that plaintiffs violated PTO #11 only with respect to 25 of the 233 documents at issue, which is approximately 11% of the documents. *11/4/25 Order*, *ECF No. 319* at 14-15. Having reviewed the billing records and considering the limitation of fees the Court previously imposed, the Court awards defendants' their reasonable fees based on 16 reported hours, which is approximately 11% of their 140.00 total reported hours and proportional to the limitation of the 11/4/25 Order. The 16 billable hours are allocated 8 hours to attorney Modak-Truran at her $696.00 hourly fee and 8 hours to attorney Yoshikawa at his hourly fee of $340.00. Thus, the Court awards defendants a total of **$8,288.00** in reasonable attorneys' fees.

### III.    Reasonableness of Costs

Because the Court did not accept the fees by attorney Bueno, the Court also rejects her associated costs. As to the costs associated with attorney Modak-Truran, the Court awards defendants a total of **$1,872.21** in reasonable costs. Attorney Modak-Truran's reported costs for airfare ($1,239.79); breakfast ($14.07); Las Vegas taxi ($32.97); and lodging ($430.38) are reasonable. As to her reported costs for dinner, lunch and Nashville, Tennessee limo-car service, the Court is persuaded by the reductions proposed by plaintiff (ECF No. 323) (dinner reduction to $50; lunch reduction to $25; and Nashville tax/car service reduced to $80).

## IV.   Deferral

Plaintiffs request to defer payment to defendants until the conclusion of the action or until the District Judge rules on plaintiffs' objection/appeal (ECF No. 320) of the 11/4/25 Order (ECF No. 319). On March 4, 2026, the District Judge denied plaintiffs' objection/appeal. *See ECF No. 331.* The Court declines further deferment and finds that short-term payment of the reasonable fees and costs awarded is a necessary component of the sanctions imposed by the 11/4/25 Order under the circumstances of this case.

## V.   Conclusion and Order

Based on the foregoing and for good cause appearing,

**IT IS ORDERED and ADJUDGED** that Plaintiffs shall, by no later than **April 30, 2026**, pay defendants $8,288.00 in reasonable attorneys' fees and $1,872.21 in reasonable costs for a total of **$10,160.21.**

Dated:  March 19, 2026.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge